1  Holly M. Simpkins (*pro hac vice* forthcoming)
   HSimpkins@perkinscoie.com
2  PERKINS COIE LLP
   1201 Third Avenue, Suite 4900
3  Seattle, WA  98101
   Telephone:  206.359.8000
4  Facsimile:  206.359.9000

5  Lauren B. Cohen, Bar No. 285018
   LCohen@perkinscoie.com
6  PERKINS COIE LLP
   3150 Porter Drive
7  Palo Alto, CA  95130
   Telephone:  650.838.4300
8  Facsimile:  650.838.4350

9  Attorneys for Plaintiffs
   EPIC GAMES, INC. and EPIC GAMES
10 INTERNATIONAL S.À.R.L.

11

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14 | EPIC GAMES, INC., a Maryland | Case No. |
15 | corporation; and EPIC GAMES INTERNATIONAL S.À.R.L., a | **COMPLAINT FOR:** |
16 | Luxembourg Société à Responsibilité Limitée, | |
17 |                    Plaintiffs, | (1) **COPYRIGHT INFRINGEMENT**<br>(2) **CONTRIBUTORY COPYRIGHT INFRINGEMENT** |
18 |              v. | (3) **TRADEMARK INFRINGEMENT**<br>(4) **FALSE DESIGNATION OF ORIGIN** |
19 | JAMES MENDES, an individual; KONSTANTIN VLADIMIROVICH RAK, | (5) **BREACH OF CONTRACT**<br>(6) **CALIFORNIA UNFAIR COMPETITION** |
20 | an individual; and OLEKSEY OLEKSEEVICH STEGAILO, an | |
21 | individual, | **DEMAND FOR JURY TRIAL** |
22 |                    Defendants. | |

23

24

25

26

27

28

Plaintiffs Epic Games, Inc. and Epic Games International S.à.r.l. (collectively "Epic" or "Plaintiffs"), for their Complaint against Defendants Konstantin Vladimirovich Rak, James Mendes, and Oleksey Olekseevich Stegailo (collectively "Defendants"), by and through their undersigned counsel allege as follows:

## INTRODUCTION

1. Epic is the author and owner of all rights in Fortnite, a multiplayer survival and building action video game. Epic seeks injunctive relief and damages arising from Defendants' development, advertising, use, and distribution of a software cheat and associated videos that exploit Fortnite, infringe Epic's copyrights and trademarks, and breach Epic's Terms of Service ("Terms") and the Fortnite End User License Agreement ("EULA").

## PARTIES

2. Epic Games, Inc. is a Maryland corporation, with its principal place of business in Cary, North Carolina.

3. Epic Games International S.à.r.l. is a Luxembourg Société à Responsibilité Limitée organized and existing under the laws of Luxembourg, acting through its Swiss branch, and having a principal place of business in Switzerland.

4. On information and belief, Defendant James Mendes is an individual who resides in Cape Town, South Africa.

5. On information and belief, Defendant Konstantin Vladimirovich Rak is an individual who resides in Anapa, Russia.

6. On information and belief, Defendant Oleksey Olekseevich Stegailo is an individual who resides in Myronivka, Ukraine.

## JURISDICTION

7. This Court has subject matter jurisdiction over the federal claims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1338 because this action alleges violations of the Copyright Act (17 U.S.C. § 101, *et seq.*) and Lanham Act (15 U.S.C. §§ 1114, 1125). This Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over Defendants because they consented to jurisdiction in this judicial district by filing a Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, counter notification with an entity located in this district. This Court also has personal jurisdiction over Defendants because they intentionally directed their unlawful activities to this District.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this District and because Defendants consented to jurisdiction in this judicial district. Venue is also proper in this judicial district under 28 U.S.C. § 1391(c)(3) in that Defendants, residents of South Africa, Russia, and Ukraine, may be sued in any judicial district in the United States.

**INTRADISTRICT ASSIGNMENT**

10. This is an intellectual property action to be assigned on a district-wide basis under Civil Local Rule 3-2(c).

**EPIC AND THE FORTNITE GAME**

11. Founded in 1991, Epic Games, Inc. is a leading video game developer for PC, console, and mobile platforms.

12. Fortnite is a survival and action building game where players explore, scavenge gear, build fortified structures, and fight waves of monsters who want to kill the player and her friends.

13. Fortnite was first released in or about October 2013.

14. Epic publicly released Fornite's free-to-play Battle Royale game mode on or about September 26, 2017.

15. Fortnite is an extremely popular game with over ten million players.

16. In Fortnite's Battle Royale game mode, players drop into an environment via a glider from a flying battle bus and engage in intense player versus player combat until only one player remains standing. That player wins the game.

1    17.    In designing the Battle Royale game mode, Epic decided not to sell items to
2  players that would give any player a competitive advantage so that there was a fair playing field
3  for all players.

## EPIC'S COPYRIGHTS IN FORTNITE

5    18.    Epic Games, Inc. is the author and owner of all copyrights in Fortnite, including
6  but not limited to its maps, items, characters, user interface, and software.

7    19.    Fortnite is copyrightable subject matter under the laws of the United States.

8    20.    Epic Games, Inc. owns copyrights in Fortnite, including U.S. Copyright
9  Registration Nos. TXu 1-895-864, TX 8-186-254, TX 8-254-659 and TX 8-352-178.  True and
10 correct copies of the certificates of registration for these works are attached hereto as Exhibit A.

## EPIC'S FORTNITE TRADEMARK

12   21.    Epic began using the FORTNITE mark in commerce at least as early as October
13 11, 2013.

14   22.    Since its first use, Epic has continually used the FORTNITE mark in connection
15 with video game software.

16   23.    Epic has invested substantial resources in marketing, advertising, and distributing
17 video games under the FORTNITE mark.

18   24.    Fortnite, the video game bearing the FORTNITE mark, has more than ten million
19 players.

20   25.    Epic has attained substantial goodwill and strong recognition in the FORTNITE
21 mark, and that mark has come to be associated with Epic.

22   26.    Through its nationwide use and promotion of the FORTNITE mark, Epic has
23 established strong rights in the FORTNITE mark and that mark is entitled to protection.

24   27.    Epic owns United States Patent and Trademark Office ("USPTO") Registration
25 No. 4,481,629 for the FORTNITE mark.  A true and correct copy of the registration for the
26 FORTNITE mark is attached hereto as Exhibit B.

27
28

-3-

COMPLAINT
LEGAL137431792.1

1    28.   Epic also has a pending application for FORTNITE, USPTO Serial No.
2  87,484,706, for use in association with "[e]ntertainment services, namely, providing on-line
3  computer games."

## EPIC'S TERMS OF SERVICE

5    29.   In order to use or access Epic's websites, services, products, or content, a user
6  must agree to the Terms.

7    30.   The Terms provide that "[t]he Services, including all content, features, and
8  functionality thereof, are owned by Epic, its licensors, or other providers of such material and are
9  protected by United States and international copyright . . . laws."

10   31.   Additionally, the Terms state that users "are permitted to use the Services for []
11 personal, non-commercial use only or legitimate business purposes related to [a user's] role as a
12 current or prospective customer of Epic.  Except as provided below, [users] must not copy,
13 modify, create derivative works of, publicly display, publicly perform, republish, or transmit any
14 of the material obtained through the Services, or delete, or alter any copyright, trademark, or other
15 proprietary rights notices from copies of materials from the Services."

16   32.   Under the Terms, users "must not reproduce, sell, or exploit for any commercial
17 purposes any part of the Services, access to the Services or use of the Services or any services or
18 materials available through the Services."

19   33.   Moreover, users "may use the Services only for lawful purposes and in accordance
20 with these Terms of Service.  [Users] agree not to access or use the Services for any purpose that
21 is illegal or beyond the scope of the Services' intended use (in Epic's sole judgment)."

22   34.   Defendants had accounts with Epic and agreed to be bound by the Terms by
23 registering those accounts and by using Epic's services.

## FORTNITE'S EULA

25   35.   In order to use or play Fortnite, including the Battle Royale game mode, a user
26 must affirmatively accept the EULA.

-4-

36. The EULA grants users "a personal, non-exclusive, non-transferable, non-sublicensable limited right and license to install and use one copy of the Software on a device for . . . personal entertainment use."

37. Under the EULA, Fortnite users may not, among other things:

 a. "use it commercially or for a promotional purpose";

 b. "copy, reproduce, distribute, display, or use it in a way that is not expressly authorized in this Agreement";

 c. "reverse engineer, derive source code from, modify, adapt, translate, decompile, or disassemble it or make derivative works based on it"; or

 d. "create, develop, distribute, or use any unauthorized software programs to gain advantage in any online or other game modes."

38. Defendants agreed to abide by the EULA by downloading and accessing Fortnite.

**CHEATS**

39. Cheats modify games to give a user an unfair competitive advantage over other players.

40. Cheats give a cheater the power to do or see things that other players cannot do or see. For example, a cheat may enable the user to see through solid objects, teleport, impersonate another player by "spoofing" that player's user name, or make moves other players cannot, such as a spin followed by an instant headshot to another player.

41. Epic does not allow or support cheats in Fortnite, including in the Battle Royale game mode.

42. Players who use cheats ruin the game play experience for those who play without cheats and undermine the integrity of Fortnite.

**MENDES'S UNLAWFUL ACTS**

43. Mendes downloaded and accessed Fortnite.

44. On information and belief, Mendes created, developed, and/or wrote or assisted in the creation and development of a software cheat for Fortnite's Battle Royale game mode.

45. Mendes created and posted several videos on YouTube to advertise, demonstrate, and distribute the cheat.

46. These videos feature Epic's FORTNITE mark.

47. In order to use Mendes's cheat, users must download the cheat and then "inject" the cheat computer code into the copyrighted Fortnite code. Once the cheat is injected into Fortnite, the cheat modifies the copyright protected game code, creating an unauthorized derivative work and materially altering the game and the experience of those who play it.

48. The derivative works created by Mendes's cheat also contain the FORTNITE mark. Mendes intentionally induces others to infringe the FORTNITE mark by distributing his cheat.

49. Epic has not authorized Mendes to use Epic's FORTNITE mark or copyrighted work in this manner.

50. In or about October 2017, Mendes posted five videos (the "Mendes Videos") along with posts on YouTube that were available at the following links:

    a. http://www.youtube.com/watch?v=CNKQKGGzxJE;
    b. http://www.youtube.com/watch?v=kqpAJ5R7qKs;
    c. http://www.youtube.com/watch?v=Xv4ECtYFtDU;
    d. http://www.youtube.com/watch?v=R-9QkoQ4bDg; and
    e. http://www.youtube.com/watch?v=-i_ZJbjRAPQ.

51. The Mendes Videos and/or the corresponding YouTube posts advertised, demonstrated, and provided links to download his cheat.

52. The Mendes Videos and/or associated posts contained instructions on how to download and install the cheat and showed full screen gameplay using the cheat.

53. In the Mendes Videos, Mendes boasts about the number of times he has been banned from Fortnite for cheating.

54. On or about October 16, 2017, Epic submitted a takedown notice to YouTube for the Mendes Videos under the DMCA.

55. YouTube removed the Mendes Videos.

56. On or about October 18, 2017, Mendes submitted a counter notification to YouTube.

57. Because Mendes's address is located outside the United States, in his counter notification, Mendes "consent[ed] to jurisdiction of the Federal District Court for . . . the judicial district in which YouTube is located, and will accept service of process from the claimant."

58. On information and belief, YouTube is subject to the jurisdiction of the Northern District of California.

**RAK'S UNLAWFUL ACTS**

59. Rak downloaded and accessed Fortnite.

60. On information and belief, Rak created, developed, and/or wrote a software cheat for Fortnite's Battle Royale game mode.

61. Rak created and posted a video on YouTube to advertise, demonstrate, and distribute his cheat.

62. The video features Epic's FORTNITE mark.

63. In order to use Rak's cheat, users must download the cheat and then "inject" the cheat computer code into the copyrighted Fortnite code. Once the cheat is injected into Fortnite, the cheat modifies the copyright protected game code, creating an unauthorized derivative work and materially altering the game and the experience of those who play it.

64. The derivative works created by Rak's cheat also contain the FORTNITE mark. Rak intentionally induces others to infringe the FORTNITE mark by distributing his cheat.

65. Epic has not authorized Rak to use Epic's FORTNITE mark or copyrighted work in this manner.

66. In or about October 2017, Rak posted a video along with a post on YouTube that was available at http://www.youtube.com/watch?v=9gcP1eElxsU (the "Rak Video") that advertised, demonstrated, and provided a link to download his cheat.

67. The Rak Video and associated post contained instructions on how to download and install the cheat and showed full screen gameplay using the cheat.

68. On or about October 17, 2017, Epic submitted a takedown notice to YouTube for the Rak Video under the DMCA.

69. YouTube took down the Rak Video.

70. On or about October 23, 2017, Rak submitted a counter notification to YouTube for the Rak Video.

71. Because Rak's address is located outside the United States, in his counter notification, Rak "consent[ed] to jurisdiction of the Federal District Court for . . . the judicial district in which YouTube is located, and will accept service of process from the claimant."

72. On information and belief, YouTube is subject to the jurisdiction of the Northern District of California.

## STEGAILO'S UNLAWFUL ACTS

73. Stegailo downloaded and accessed Fortnite.

74. On information and belief, Stegailo created, developed, and/or wrote a software cheat for Fortnite's Battle Royale game mode.

75. Stegailo created and posted a video on YouTube to advertise, demonstrate, and distribute the cheat.

76. The video features Epic's FORTNITE mark.

77. In order to use Stegailo's cheat, users must download the cheat and then "inject" the cheat computer code into the copyrighted Fortnite code. Once the cheat is injected into Fortnite, the cheat modifies the copyright protected game code, creating an unauthorized derivative work and materially altering the game and the experience of those who play it.

78. The derivative works created by Stegailo's cheat also contain the FORTNITE mark. Stegailo intentionally induces others to infringe the FORTNITE mark by distributing his cheat.

79. Epic has not authorized Stegailo to use Epic's FORTNITE mark or copyrighted work in this manner.

80. In or about October 2017, Stegailo posted a video along with a post on YouTube that was available at http://www.youtube.com/watch?v=K4hi3N_6uyM (the "Stegailo Video") that advertised and demonstrated his cheat.

81. The Stegailo Video and associated post contained instructions on how to download and install the cheat as well as full screen gameplay using the cheat.

82. On or about October 17, 2017, Epic submitted a takedown notice to YouTube for the Stegailo Video under the DMCA.

83. YouTube took down the Stegailo Video.

84. On or about October 24, 2017, Stegailo submitted a counter notification to YouTube for the Stegailo Video.

85. Because Stegailo's address is located outside the United States, in his counter notification, Stegailo "consent[ed] to jurisdiction of the Federal District Court for . . . the judicial district in which YouTube is located, and will accept service of process from the claimant."

86. On information and belief, YouTube is subject to the jurisdiction of the Northern District of California.

**FIRST CLAIM FOR RELIEF**
**Copyright Infringement**
**(17 U.S.C § 501 *et seq.*)**

87. Epic realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

88. Fortnite constitutes an original work of authorship and copyrightable subject matter under the laws of the United States.

89. Epic Games, Inc. owns or has exclusive rights to all right, title, and interest in Fortnite.

90. Defendants had access to Fortnite.

91. Defendants' cheats and/or videos demonstrating those cheats infringe Epic's copyrights in Fortnite by copying, reproducing, preparing derivative works from, and/or displaying Fortnite publicly without Epic's permission.

-9-

92. Defendants' copies, reproductions, derivative works, and displays are identical and/or substantially similar to Fortnite.

93. Defendants' actions were and are willful.

94. Epic has been and will continue to be damaged by Defendants' unlawful infringement of Fortnite in an amount to be proven at trial.

95. Defendants' conduct has caused irreparable harm to Epic, and, unless enjoined, will cause further irreparable harm for which Epic has no adequate remedy at law.

96. Epic is entitled to relief pursuant to 17 U.S.C. §§ 502-505, including, but not limited to, injunctive relief, an order for the impounding and destruction of Defendants' infringing copies and/or derivative works, compensatory damages (including, but not limited to actual damages and/or Defendants' profits), statutory damages, punitive damages, and Epic's costs and attorneys' fees in amounts to be determined at trial.

**SECOND CLAIM FOR RELIEF**
**Contributory Copyright Infringement**
**(17 U.S.C § 501 *et seq.*)**

97. Epic realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

98. Defendants provide those who download their cheats with the means to create derivative works of Fortnite without Epic's consent.

99. Those users directly infringe Epic's copyrights by preparing derivative works from Fortnite without the consent or authority of Epic.

100. Defendants have engaged and continue to engage in the business of knowingly and systematically inducing, causing, and/or materially contributing to unauthorized copying, reproduction, preparation of derivative works from, and/or distribution of copies to the public of Fortnite.

101. Defendants' conduct constitutes contributory copyright infringement.

102. Defendants' actions were and are willful.

103. Epic has been and will continue to be damaged by Defendants' unlawful contributory infringement of Fortnite in an amount to be proven at trial.

104. Defendants' conduct has caused irreparable harm to Epic, and, unless enjoined, will cause further irreparable harm for which Epic has no adequate remedy at law.

105. Epic is entitled to the relief provided by 17 U.S.C. §§ 502-505, including, but not limited to, injunctive relief, an order for the impounding and destruction of Defendants' infringing copies and/or derivative works, compensatory damages (including, but not limited to actual damages and/or Defendants' profits), statutory damages, punitive damages, and Epic's costs and attorneys' fees in amounts to be determined at trial.

**THIRD CLAIM FOR RELIEF**
**Trademark Infringement**
**(15 U.S.C. § 1114)**

106. Epic realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

107. Defendants' unauthorized use of the FORTNITE mark in association with the videos promoting their cheats, as well as in the unauthorized derivative works created by Defendants' cheats, constitute infringement of Epic's federally registered FORTNITE mark in violation of 15 U.S.C. § 1114(1).

108. Because of Epic's continuous and exclusive use of the FORTNITE mark, it has come to mean, and is understood by consumers to signify products of Epic.

109. Defendants' use of the FORTNITE mark in connection with the sale, offering for sale, distribution, and advertising of cheats, as well as the use of the FORTNITE mark within the unauthorized derivative work created by Defendants' cheats, is likely to cause confusion, mistake, or deception as to the source, origin, or authenticity of Defendants' products and services.

110. Further, Defendants' activities are likely to lead consumers to conclude, incorrectly, that Defendants' products and services originate with or are authorized by Epic, to the damage and harm of Epic.

111. Defendants knew or should have known of Epic's rights, and their infringement has been knowing, willful, and deliberate, such that the Court should award Epic its attorneys' fees pursuant to 15 U.S.C. § 1117.

112. Epic has been, and continues to be, damaged by such acts in a manner that cannot be fully measured or compensated in economic terms. Epic therefore has no adequate remedy at law and seeks permanent injunctive relief pursuant to 15 U.S.C. § 1116.

113. Defendants' activities have damaged, and threaten to continue damaging, Epic's reputation and goodwill.

**FOURTH CLAIM FOR RELIEF**
**False Designation of Origin**
**(15 U.S.C. § 1125(a))**

114. Epic realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

115. Epic has strong rights in the FORTNITE mark.

116. Defendants' actions constitute the use in interstate commerce of a false designation of origin, false or misleading description of fact, or false or misleading representations of fact that are likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of Defendants' products and services with Epic, or as to the origin, sponsorship, or approval of the goods and services provided by Defendants in violation of 15 U.S.C. § 1125(a).

117. Defendants knew or should have known of Epic's rights, and Defendants' false designation of origin has been knowing, willful, and deliberate, such that the Court should award Epic its attorneys' fees pursuant to 15 U.S.C. § 1117.

118. Epic has been, and continues to be, damaged by such acts in a manner that cannot be fully measured or compensated in economic terms. Epic therefore has no adequate remedy at law and seeks permanent injunctive relief pursuant to 15 U.S.C. § 1116.

119. Defendants' acts have damaged, and threaten to continue damaging, Epic's reputation and goodwill.

# FIFTH CLAIM FOR RELIEF
### Breach of Contract

120. Epic realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

121. Access to and use of Epic's services is governed by and subject to the Terms. Access to and use of Fortnite is governed by and subject to the EULA.

122. At all times relevant hereto, Epic prominently displayed and/or provided links to the Terms and EULA. For instance, Epic users are presented with and must affirmatively accept the Terms to register for an Epic account, which is necessary to play Fortnite on PC. In addition, Epic prominently displayed links to the Terms at the bottom of Epic's webpages. Fortnite players are also presented with and must affirmatively accept the EULA to download and access Fortnite.

123. Defendants agreed to abide by the Terms and EULA by registering an account with Epic, using the Epic services, and/or by accessing the Epic services to, among other things, download and access Fortnite.

124. On information and belief, Defendants regularly accessed Epic's services with knowledge of the Terms and EULA.

125. The Terms and EULA are valid, enforceable contracts between Epic and Defendants.

126. Defendants have willfully, continuously, and materially breached the Terms and EULA by, for example:

    a. Using Fortnite for a commercial use and/or promotional purpose;

    b. Copying, modifying, creating derivative works of, publicly displaying, publicly performing, republishing, and/or transmitting Fortnite without permission from Epic;

    c. Reproducing, selling, and/or exploiting Fortnite for a commercial purpose;

    d. Using Fortnite for a purpose that is illegal or beyond the scope of Fornite's intended use;

      e.      Reverse engineering, deriving source code from, modifying, adapting, translating, decompiling, or disassembling Fortnite or making a derivative works based on it; and/or

      f.      Creating, developing, distributing, or using unauthorized software programs to gain advantage in any online or other game modes.

127. Epic has performed its obligations pursuant to the Terms and EULA.

128. As a direct and proximate result of Defendants' breaches of the Terms and EULA, Epic has been and will continue to be harmed, thereby entitling it to injunctive relief, compensatory damages, attorneys' fees, costs, and/or other equitable relief against Defendants.

## SIXTH CLAIM FOR RELIEF
**California Unfair Competition**
**(Cal. Bus. & Prof. Code § 17200, *et seq.*)**

129. Epic realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

130. Defendants have engaged in unlawful, unfair or fraudulent business practices that have and will continue to injure Epic in its business or property.

131. Defendants have engaged in violations of state and federal law, including but not limited to the following: (a) infringing the FORTNITE mark; and (b) breaching the Terms and EULA.

132. Defendants' acts alleged herein have caused monetary damage to Epic, in an amount to be proven at trial, in the form of costs related to investigating and addressing Defendants' unlawful activities and harm to goodwill.

133. Defendants have caused and will continue to cause irreparable injury to Epic. Epic, therefore, is entitled to an order enjoining Defendants from further engaging in the conduct described above.

134. As a direct and proximate result of Defendants' conduct alleged herein, Defendants have been unjustly enriched and should be ordered to disgorge all profits earned as a result of such unlawful conduct.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs pray for the following relief:

A.    That judgment be entered in Plaintiffs' favor against Defendants on all claims;

B.    That Defendants and their officers, agents, representatives, servants, employees, heirs, successors, and assigns, and all others in active concert or participation with Defendants be preliminarily and permanently enjoined from:

    (a)    Infringing, inducing or enabling others to infringe Epic's copyrights in any manner whatsoever;

    (b)    Creating, writing, developing, advertising, promoting, and/or offering for sale or otherwise any software that infringes Epic's copyrights;

    (c)    Using, in any manner whatsoever, Epic's FORTNITE mark, or any confusingly similar mark, logo, trade name, domain name or other source identifier;

    (d)    Violating, inducing or enabling others to violate Epic's trademark rights in any manner whatsoever; and

    (e)    Unfairly competing with Epic in any manner whatsoever.

C.    An order requiring that Defendants immediately destroy all copies of Fortnite or any derivative work thereof;

D.    An order requiring that Defendants immediately destroy all copies of any Fortnite software cheats;

E.    An award to Plaintiffs of restitution and damages, including, but not limited to, liquidated, compensatory, statutory (including enhanced statutory damages for willful infringement), punitive damages, and all other damages permitted by law;

F.    That Plaintiffs be awarded pre-judgment and post-judgment interest on all damages awarded against Defendants;

G.    An award to Plaintiffs of their costs incurred in this suit, including, but not limited to, reasonable attorneys' fees; and

H.    For such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury of all issues so triable.

DATED: October 27, 2017

**PERKINS COIE LLP**

By: _/s/ Lauren B. Cohen_
Holly M. Simpkins (*pro hac vice* forthcoming)
HSimpkins@perkinscoie.com
Lauren B. Cohen, Bar No. 285018
LCohen@perkinscoie.com

Attorneys for Plaintiffs Epic Games, Inc. and Epic Games International S.à.r.l.