# EXHIBIT A

| | |
|---|---|
| **From:** | Starr, June (SEA) |
| **To:** | "konstantin.rak1@gmail.com" |
| **Subject:** | FW: Epic Games, Inc. v. Mendes, Case No. I 7-cv-06223-LB (N.D. Cal.) |
| **Date:** | Tuesday, October 31, 2017 11:52:00 AM |
| **Attachments:** | Rak Service packet.pdf |
| **Importance:** | High |

**From:** Starr, June (SEA)
**Sent:** Tuesday, October 31, 2017 11:46 AM
**To:** 'konstantin.rakl@gmail.com'; 'rak13@spaces.ru'
**Cc:** Simpkins, Holly M. (SEA)
**Subject:** Epic Games, Inc. v. Mendes, Case No. I 7-cv-06223-LB (N.D. Cal.)
**Importance:** High


Mr. Rak:

Please see attached letter and accompanying documents.


**June Starr** | **Perkins Coie LLP**
LEGAL SECRETARY
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.3426
F. +1.206.359.4426
E. JStarr@perkinscoie.com



1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099

**T** +1.206.359.8000
**F** +1.206.359.9000
PerkinsCoie.com

October 31, 2017

Holly M. Simpkins
HSimpkins@perkinscoie.com
D. +1.206.359.6474
F. +1.206.359.7474

*VIA EMAIL*

Konstantin Vladimirovich Rak,
243 Gogol Street
Anapa, Krasnodar Krai 352456 RU
konstantin.rak1@gmail.com
rak13@spaces.ru

RE:    *Epic Games, Inc. v. Mendes*, Case No. 17-cv-06223-LB (N.D. Cal.)

Dear Mr. Rak:

We represent Plaintiffs Epic Games, Inc. and Epic Games International S.À.R.L. in the above-referenced lawsuit recently filed against you.

Attached please find a Notice of a Lawsuit and Request to Waive Service of a Summons as well as a Waiver of the Service of Summons. <u>We ask that you review the documents and send an executed copy of the Waiver of the Service of Summons back to us promptly by email.</u> Also attached please find the Complaint and Summons as well as other documents filed in and relevant to the above-referenced matter (complete list of attached documents below).

- Notice of a Lawsuit and Request to Waive Service of a Summons
- Waiver of the Service of Summons
- Complaint
- Civil Case Coversheet
- Summons
- Epic Games, Inc.'s Certificate of Interested Entities and Corporate Disclosure Statement in Compliance with F.R.C.P. 7.1 and Civil Local Rule 3-15
- Epic Games International S.À.R.L.'s Certificate of Interested Entities and Corporate Disclosure Statement in Compliance with F.R.C.P. 7.1 and Civil Local Rule 3-15
- Order Setting Initial Case Management Conference and ADR deadlines
- Filing Procedures (San Francisco)
- N.D. Cal. Form Joint Case Management Statement and Proposed Order
- Procedures for Telephone Appearances for Magistrate Judge Laurel Beeler
- Standing Order for Magistrate Judge Laurel Beeler
- Standing Order for All Judges of the Northern District of California
- ECF Registration Information
- Notice of Assignment of Case to a United States Magistrate Judge for Trial
- Consent or Declination to Magistrate Judge Jurisdiction
- Consenting to the Jurisdiction of a Magistrate Judge
- Docket Report

137491109.1

Perkins Coie LLP

October 31, 2017
Page 2

If you are represented in this matter please provide this correspondence to your attorney.

Very truly yours,

Holly M. Simpkins

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT

for the

Northern  District of California

| | | |
|---|---|---|
| EPIC GAMES, INC., et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    17-cv-06223-LB |
| MENDES, et al. | ) | |
| *Defendant* | ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:  Konstantin Vladimirovich Rak
      *(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court.  It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver.  To avoid these expenses, you must return the signed waiver within _____60_____ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent.   Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court.  The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you.  And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:       10/31/2017

_____
*Signature of the attorney or unrepresented party*

Lauren Cohen
*Printed name*

3150 Porter Drive
Palo Alto, CA  94304
*Address*

LCohen@perkinscoie.com
*E-mail address*

650 838 4300
*Telephone number*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| EPIC GAMES, INC., et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  17-cv-06223-LB |
| MENDES, et al. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Lauren B. Cohen
        *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____October 31, 2017_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

|  |  |
|---|---|
| | *Signature of the attorney or unrepresented party* |
| Konstantin Vladimorich Rak | Konstantin Vladimorich Rak |
| *Printed name of party waiving service of summons* | *Printed name* |
| | 243 Gogol Street, Anapa |
| | Krasnodar Krai 352456 RU |
| | *Address* |
| | konstantin.rak1@gmail.com |
| | *E-mail address* |
| | +79692907339 |
| | *Telephone number* |

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

1  Holly M. Simpkins (*pro hac vice* forthcoming)
   HSimpkins@perkinscoie.com
2  PERKINS COIE LLP
   1201 Third Avenue, Suite 4900
3  Seattle, WA  98101
   Telephone:  206.359.8000
4  Facsimile:  206.359.9000

5  Lauren B. Cohen, Bar No. 285018
   LCohen@perkinscoie.com
6  PERKINS COIE LLP
   3150 Porter Drive
7  Palo Alto, CA  95130
   Telephone:  650.838.4300
8  Facsimile:  650.838.4350

9  Attorneys for Plaintiffs
   EPIC GAMES, INC. and EPIC GAMES
10 INTERNATIONAL S.À.R.L.

11                        UNITED STATES DISTRICT COURT

12                       NORTHERN DISTRICT OF CALIFORNIA

13

14 EPIC GAMES, INC., a Maryland                Case No.
   corporation; and EPIC GAMES
15 INTERNATIONAL S.À.R.L., a                   **COMPLAINT FOR:**
   Luxembourg Société à Responsibilité
16 Limitée,                                    **(1)   COPYRIGHT INFRINGEMENT**
                                               **(2)   CONTRIBUTORY COPYRIGHT**
17                  Plaintiffs,                **         INFRINGEMENT**
                                               **(3)   TRADEMARK INFRINGEMENT**
18          v.                                 **(4)   FALSE DESIGNATION OF ORIGIN**
                                               **(5)   BREACH OF CONTRACT**
19 JAMES MENDES, an individual;               **(6)   CALIFORNIA UNFAIR**
   KONSTANTIN VLADIMIROVICH RAK,              **         COMPETITION**
20 an individual; and OLEKSEY
   OLEKSEEVICH STEGAILO, an                   **DEMAND FOR JURY TRIAL**
21 individual,

22                  Defendants.

23

24

25

26

27

28

                                                         COMPLAINT
                                                         LEGAL137431792.1

Case 3:17-cv-06223-LB   Document 20-1   Filed 10/27/18   Page 8 of 10

Plaintiffs Epic Games, Inc. and Epic Games International S.à.r.l. (collectively "Epic" or "Plaintiffs"), for their Complaint against Defendants Konstantin Vladimirovich Rak, James Mendes, and Oleksey Olekseevich Stegailo (collectively "Defendants"), by and through their undersigned counsel allege as follows:

## INTRODUCTION

1.      Epic is the author and owner of all rights in Fortnite, a multiplayer survival and building action video game.  Epic seeks injunctive relief and damages arising from Defendants' development, advertising, use, and distribution of a software cheat and associated videos that exploit Fortnite, infringe Epic's copyrights and trademarks, and breach Epic's Terms of Service ("Terms") and the Fortnite End User License Agreement ("EULA").

## PARTIES

2.      Epic Games, Inc. is a Maryland corporation, with its principal place of business in Cary, North Carolina.

3.      Epic Games International S.à.r.l. is a Luxembourg Société à Responsibilité Limitée organized and existing under the laws of Luxembourg, acting through its Swiss branch, and having a principal place of business in Switzerland.

4.      On information and belief, Defendant James Mendes is an individual who resides in Cape Town, South Africa.

5.      On information and belief, Defendant Konstantin Vladimirovich Rak is an individual who resides in Anapa, Russia.

6.      On information and belief, Defendant Oleksey Olekseevich Stegailo is an individual who resides in Myronivka, Ukraine.

## JURISDICTION

7.      This Court has subject matter jurisdiction over the federal claims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1338 because this action alleges violations of the Copyright Act (17 U.S.C. § 101, *et seq*.) and Lanham Act (15 U.S.C. §§ 1114, 1125).  This Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367.

-1-

Case 3:17-cv-06223-LB   Document 20-1   Filed 10/27/18   Page 9 of 10

8.     This Court has personal jurisdiction over Defendants because they consented to jurisdiction in this judicial district by filing a Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, counter notification with an entity located in this district.  This Court also has personal jurisdiction over Defendants because they intentionally directed their unlawful activities to this District.

9.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this District and because Defendants consented to jurisdiction in this judicial district.  Venue is also proper in this judicial district under 28 U.S.C. § 1391(c)(3) in that Defendants, residents of South Africa, Russia, and Ukraine, may be sued in any judicial district in the United States.

### INTRADISTRICT ASSIGNMENT

10.     This is an intellectual property action to be assigned on a district-wide basis under Civil Local Rule 3-2(c).

### EPIC AND THE FORTNITE GAME

11.     Founded in 1991, Epic Games, Inc. is a leading video game developer for PC, console, and mobile platforms.

12.     Fortnite is a survival and action building game where players explore, scavenge gear, build fortified structures, and fight waves of monsters who want to kill the player and her friends.

13.     Fortnite was first released in or about October 2013.

14.     Epic publicly released Fornite's free-to-play Battle Royale game mode on or about September 26, 2017.

15.     Fortnite is an extremely popular game with over ten million players.

16.     In Fortnite's Battle Royale game mode, players drop into an environment via a glider from a flying battle bus and engage in intense player versus player combat until only one player remains standing.  That player wins the game.

17.     In designing the Battle Royale game mode, Epic decided not to sell items to players that would give any player a competitive advantage so that there was a fair playing field for all players.

<b>EPIC'S COPYRIGHTS IN FORTNITE</b>

18.     Epic Games, Inc. is the author and owner of all copyrights in Fortnite, including but not limited to its maps, items, characters, user interface, and software.

19.     Fortnite is copyrightable subject matter under the laws of the United States.

20.     Epic Games, Inc. owns copyrights in Fortnite, including U.S. Copyright Registration Nos. TXu 1-895-864, TX 8-186-254, TX 8-254-659 and TX 8-352-178.  True and correct copies of the certificates of registration for these works are attached hereto as Exhibit A.

<b>EPIC'S FORTNITE TRADEMARK</b>

21.     Epic began using the FORTNITE mark in commerce at least as early as October 11, 2013.

22.     Since its first use, Epic has continually used the FORTNITE mark in connection with video game software.

23.     Epic has invested substantial resources in marketing, advertising, and distributing video games under the FORTNITE mark.

24.     Fortnite, the video game bearing the FORTNITE mark, has more than ten million players.

25.     Epic has attained substantial goodwill and strong recognition in the FORTNITE mark, and that mark has come to be associated with Epic.

26.     Through its nationwide use and promotion of the FORTNITE mark, Epic has established strong rights in the FORTNITE mark and that mark is entitled to protection.

27.     Epic owns United States Patent and Trademark Office ("USPTO") Registration No. 4,481,629 for the FORTNITE mark.  A true and correct copy of the registration for the FORTNITE mark is attached hereto as Exhibit B.

28.     Epic also has a pending application for FORTNITE, USPTO Serial No. 87,484,706, for use in association with "[e]ntertainment services, namely, providing on-line computer games."

## EPIC'S TERMS OF SERVICE

29.     In order to use or access Epic's websites, services, products, or content, a user must agree to the Terms.

30.     The Terms provide that "[t]he Services, including all content, features, and functionality thereof, are owned by Epic, its licensors, or other providers of such material and are protected by United States and international copyright . . . laws."

31.     Additionally, the Terms state that users "are permitted to use the Services for [] personal, non-commercial use only or legitimate business purposes related to [a user's] role as a current or prospective customer of Epic.  Except as provided below, [users] must not copy, modify, create derivative works of, publicly display, publicly perform, republish, or transmit any of the material obtained through the Services, or delete, or alter any copyright, trademark, or other proprietary rights notices from copies of materials from the Services."

32.     Under the Terms, users "must not reproduce, sell, or exploit for any commercial purposes any part of the Services, access to the Services or use of the Services or any services or materials available through the Services."

33.     Moreover, users "may use the Services only for lawful purposes and in accordance with these Terms of Service.  [Users] agree not to access or use the Services for any purpose that is illegal or beyond the scope of the Services' intended use (in Epic's sole judgment)."

34.     Defendants had accounts with Epic and agreed to be bound by the Terms by registering those accounts and by using Epic's services.

## FORTNITE'S EULA

35.     In order to use or play Fortnite, including the Battle Royale game mode, a user must affirmatively accept the EULA.

-4-

36.     The EULA grants users "a personal, non-exclusive, non-transferable, non-sublicensable limited right and license to install and use one copy of the Software on a device for . . . personal entertainment use."

37.     Under the EULA, Fortnite users may not, among other things:

      a.     "use it commercially or for a promotional purpose";

      b.     "copy, reproduce, distribute, display, or use it in a way that is not expressly authorized in this Agreement";

      c.     "reverse engineer, derive source code from, modify, adapt, translate, decompile, or disassemble it or make derivative works based on it"; or

      d.     "create, develop, distribute, or use any unauthorized software programs to gain advantage in any online or other game modes."

38.     Defendants agreed to abide by the EULA by downloading and accessing Fortnite.

## CHEATS

39.     Cheats modify games to give a user an unfair competitive advantage over other players.

40.     Cheats give a cheater the power to do or see things that other players cannot do or see.  For example, a cheat may enable the user to see through solid objects, teleport, impersonate another player by "spoofing" that player's user name, or make moves other players cannot, such as a spin followed by an instant headshot to another player.

41.     Epic does not allow or support cheats in Fortnite, including in the Battle Royale game mode.

42.     Players who use cheats ruin the game play experience for those who play without cheats and undermine the integrity of Fortnite.

## MENDES'S UNLAWFUL ACTS

43.     Mendes downloaded and accessed Fortnite.

44.     On information and belief, Mendes created, developed, and/or wrote or assisted in the creation and development of a software cheat for Fortnite's Battle Royale game mode.

45.     Mendes created and posted several videos on YouTube to advertise, demonstrate, and distribute the cheat.

46.     These videos feature Epic's FORTNITE mark.

47.     In order to use Mendes's cheat, users must download the cheat and then "inject" the cheat computer code into the copyrighted Fortnite code.  Once the cheat is injected into Fortnite, the cheat modifies the copyright protected game code, creating an unauthorized derivative work and materially altering the game and the experience of those who play it.

48.     The derivative works created by Mendes's cheat also contain the FORTNITE mark.  Mendes intentionally induces others to infringe the FORTNITE mark by distributing his cheat.

49.     Epic has not authorized Mendes to use Epic's FORTNITE mark or copyrighted work in this manner.

50.     In or about October 2017, Mendes posted five videos (the "Mendes Videos") along with posts on YouTube that were available at the following links:

    a.     http://www.youtube.com/watch?v=CNKQKGGzxJE;

    b.     http://www.youtube.com/watch?v=kqpAJ5R7qKs;

    c.     http://www.youtube.com/watch?v=Xv4ECtYFtDU;

    d.     http://www.youtube.com/watch?v=R-9QkoQ4bDg; and

    e.     http://www.youtube.com/watch?v=-i_ZJbjRAPQ.

51.     The Mendes Videos and/or the corresponding YouTube posts advertised, demonstrated, and provided links to download his cheat.

52.     The Mendes Videos and/or associated posts contained instructions on how to download and install the cheat and showed full screen gameplay using the cheat.

53.     In the Mendes Videos, Mendes boasts about the number of times he has been banned from Fortnite for cheating.

54.     On or about October 16, 2017, Epic submitted a takedown notice to YouTube for the Mendes Videos under the DMCA.

55.     YouTube removed the Mendes Videos.

56.     On or about October 18, 2017, Mendes submitted a counter notification to YouTube.

57.     Because Mendes's address is located outside the United States, in his counter notification, Mendes "consent[ed] to jurisdiction of the Federal District Court for . . . the judicial district in which YouTube is located, and will accept service of process from the claimant."

58.     On information and belief, YouTube is subject to the jurisdiction of the Northern District of California.

## RAK'S UNLAWFUL ACTS

59.     Rak downloaded and accessed Fortnite.

60.     On information and belief, Rak created, developed, and/or wrote a software cheat for Fortnite's Battle Royale game mode.

61.     Rak created and posted a video on YouTube to advertise, demonstrate, and distribute his cheat.

62.     The video features Epic's FORTNITE mark.

63.     In order to use Rak's cheat, users must download the cheat and then "inject" the cheat computer code into the copyrighted Fortnite code.  Once the cheat is injected into Fortnite, the cheat modifies the copyright protected game code, creating an unauthorized derivative work and materially altering the game and the experience of those who play it.

64.     The derivative works created by Rak's cheat also contain the FORTNITE mark. Rak intentionally induces others to infringe the FORTNITE mark by distributing his cheat.

65.     Epic has not authorized Rak to use Epic's FORTNITE mark or copyrighted work in this manner.

66.     In or about October 2017, Rak posted a video along with a post on YouTube that was available at http://www.youtube.com/watch?v=9gcP1eElxsU (the "Rak Video") that advertised, demonstrated, and provided a link to download his cheat.

67.     The Rak Video and associated post contained instructions on how to download and install the cheat and showed full screen gameplay using the cheat.

68.     On or about October 17, 2017, Epic submitted a takedown notice to YouTube for the Rak Video under the DMCA.

69.     YouTube took down the Rak Video.

70.     On or about October 23, 2017, Rak submitted a counter notification to YouTube for the Rak Video.

71.     Because Rak's address is located outside the United States, in his counter notification, Rak "consent[ed] to jurisdiction of the Federal District Court for . . . the judicial district in which YouTube is located, and will accept service of process from the claimant."

72.     On information and belief, YouTube is subject to the jurisdiction of the Northern District of California.

## STEGAILO'S UNLAWFUL ACTS

73.     Stegailo downloaded and accessed Fortnite.

74.     On information and belief, Stegailo created, developed, and/or wrote a software cheat for Fortnite's Battle Royale game mode.

75.     Stegailo created and posted a video on YouTube to advertise, demonstrate, and distribute the cheat.

76.     The video features Epic's FORTNITE mark.

77.     In order to use Stegailo's cheat, users must download the cheat and then "inject" the cheat computer code into the copyrighted Fortnite code.  Once the cheat is injected into Fortnite, the cheat modifies the copyright protected game code, creating an unauthorized derivative work and materially altering the game and the experience of those who play it.

78.     The derivative works created by Stegailo's cheat also contain the FORTNITE mark.  Stegailo intentionally induces others to infringe the FORTNITE mark by distributing his cheat.

79.     Epic has not authorized Stegailo to use Epic's FORTNITE mark or copyrighted work in this manner.

80.     In or about October 2017, Stegailo posted a video along with a post on YouTube that was available at http://www.youtube.com/watch?v=K4hi3N_6uyM (the "Stegailo Video") that advertised and demonstrated his cheat.

81.     The Stegailo Video and associated post contained instructions on how to download and install the cheat as well as full screen gameplay using the cheat.

82.     On or about October 17, 2017, Epic submitted a takedown notice to YouTube for the Stegailo Video under the DMCA.

83.     YouTube took down the Stegailo Video.

84.     On or about October 24, 2017, Stegailo submitted a counter notification to YouTube for the Stegailo Video.

85.     Because Stegailo's address is located outside the United States, in his counter notification, Stegailo "consent[ed] to jurisdiction of the Federal District Court for . . . the judicial district in which YouTube is located, and will accept service of process from the claimant."

86.     On information and belief, YouTube is subject to the jurisdiction of the Northern District of California.

**FIRST CLAIM FOR RELIEF**
**Copyright Infringement**
**(17 U.S.C § 501 *et seq.*)**

87.     Epic realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

88.     Fortnite constitutes an original work of authorship and copyrightable subject matter under the laws of the United States.

89.     Epic Games, Inc. owns or has exclusive rights to all right, title, and interest in Fortnite.

90.     Defendants had access to Fortnite.

91.     Defendants' cheats and/or videos demonstrating those cheats infringe Epic's copyrights in Fortnite by copying, reproducing, preparing derivative works from, and/or displaying Fortnite publicly without Epic's permission.

-9-

92.     Defendants' copies, reproductions, derivative works, and displays are identical and/or substantially similar to Fortnite.

93.     Defendants' actions were and are willful.

94.     Epic has been and will continue to be damaged by Defendants' unlawful infringement of Fortnite in an amount to be proven at trial.

95.     Defendants' conduct has caused irreparable harm to Epic, and, unless enjoined, will cause further irreparable harm for which Epic has no adequate remedy at law.

96.     Epic is entitled to relief pursuant to 17 U.S.C. §§ 502-505, including, but not limited to, injunctive relief, an order for the impounding and destruction of Defendants' infringing copies and/or derivative works, compensatory damages (including, but not limited to actual damages and/or Defendants' profits), statutory damages, punitive damages, and Epic's costs and attorneys' fees in amounts to be determined at trial.

### SECOND CLAIM FOR RELIEF
**Contributory Copyright Infringement**
**(17 U.S.C § 501 *et seq.*)**

97.     Epic realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

98.     Defendants provide those who download their cheats with the means to create derivative works of Fortnite without Epic's consent.

99.     Those users directly infringe Epic's copyrights by preparing derivative works from Fortnite without the consent or authority of Epic.

100.    Defendants have engaged and continue to engage in the business of knowingly and systematically inducing, causing, and/or materially contributing to unauthorized copying, reproduction, preparation of derivative works from, and/or distribution of copies to the public of Fortnite.

101.    Defendants' conduct constitutes contributory copyright infringement.

102.    Defendants' actions were and are willful.

-10-

103. Epic has been and will continue to be damaged by Defendants' unlawful contributory infringement of Fortnite in an amount to be proven at trial.

104. Defendants' conduct has caused irreparable harm to Epic, and, unless enjoined, will cause further irreparable harm for which Epic has no adequate remedy at law.

105. Epic is entitled to the relief provided by 17 U.S.C. §§ 502-505, including, but not limited to, injunctive relief, an order for the impounding and destruction of Defendants' infringing copies and/or derivative works, compensatory damages (including, but not limited to actual damages and/or Defendants' profits), statutory damages, punitive damages, and Epic's costs and attorneys' fees in amounts to be determined at trial.

**THIRD CLAIM FOR RELIEF**
**Trademark Infringement**
**(15 U.S.C. § 1114)**

106. Epic realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

107. Defendants' unauthorized use of the FORTNITE mark in association with the videos promoting their cheats, as well as in the unauthorized derivative works created by Defendants' cheats, constitute infringement of Epic's federally registered FORTNITE mark in violation of 15 U.S.C. § 1114(1).

108. Because of Epic's continuous and exclusive use of the FORTNITE mark, it has come to mean, and is understood by consumers to signify products of Epic.

109. Defendants' use of the FORTNITE mark in connection with the sale, offering for sale, distribution, and advertising of cheats, as well as the use of the FORTNITE mark within the unauthorized derivative work created by Defendants' cheats, is likely to cause confusion, mistake, or deception as to the source, origin, or authenticity of Defendants' products and services.

110. Further, Defendants' activities are likely to lead consumers to conclude, incorrectly, that Defendants' products and services originate with or are authorized by Epic, to the damage and harm of Epic.

-11-

111.  Defendants knew or should have known of Epic's rights, and their infringement has been knowing, willful, and deliberate, such that the Court should award Epic its attorneys' fees pursuant to 15 U.S.C. § 1117.

112.  Epic has been, and continues to be, damaged by such acts in a manner that cannot be fully measured or compensated in economic terms.  Epic therefore has no adequate remedy at law and seeks permanent injunctive relief pursuant to 15 U.S.C. § 1116.

113.  Defendants' activities have damaged, and threaten to continue damaging, Epic's reputation and goodwill.

### FOURTH CLAIM FOR RELIEF
**False Designation of Origin**
**(15 U.S.C. § 1125(a))**

114.  Epic realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

115.  Epic has strong rights in the FORTNITE mark.

116.  Defendants' actions constitute the use in interstate commerce of a false designation of origin, false or misleading description of fact, or false or misleading representations of fact that are likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of Defendants' products and services with Epic, or as to the origin, sponsorship, or approval of the goods and services provided by Defendants in violation of 15 U.S.C. § 1125(a).

117.  Defendants knew or should have known of Epic's rights, and Defendants' false designation of origin has been knowing, willful, and deliberate, such that the Court should award Epic its attorneys' fees pursuant to 15 U.S.C. § 1117.

118.  Epic has been, and continues to be, damaged by such acts in a manner that cannot be fully measured or compensated in economic terms.  Epic therefore has no adequate remedy at law and seeks permanent injunctive relief pursuant to 15 U.S.C. § 1116.

119.  Defendants' acts have damaged, and threaten to continue damaging, Epic's reputation and goodwill.

### FIFTH CLAIM FOR RELIEF
#### Breach of Contract

120. Epic realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

121. Access to and use of Epic's services is governed by and subject to the Terms. Access to and use of Fortnite is governed by and subject to the EULA.

122. At all times relevant hereto, Epic prominently displayed and/or provided links to the Terms and EULA. For instance, Epic users are presented with and must affirmatively accept the Terms to register for an Epic account, which is necessary to play Fortnite on PC. In addition, Epic prominently displayed links to the Terms at the bottom of Epic's webpages. Fortnite players are also presented with and must affirmatively accept the EULA to download and access Fortnite.

123. Defendants agreed to abide by the Terms and EULA by registering an account with Epic, using the Epic services, and/or by accessing the Epic services to, among other things, download and access Fortnite.

124. On information and belief, Defendants regularly accessed Epic's services with knowledge of the Terms and EULA.

125. The Terms and EULA are valid, enforceable contracts between Epic and Defendants.

126. Defendants have willfully, continuously, and materially breached the Terms and EULA by, for example:

    a.    Using Fortnite for a commercial use and/or promotional purpose;

    b.    Copying, modifying, creating derivative works of, publicly displaying, publicly performing, republishing, and/or transmitting Fortnite without permission from Epic;

    c.    Reproducing, selling, and/or exploiting Fortnite for a commercial purpose;

    d.    Using Fortnite for a purpose that is illegal or beyond the scope of Fornite's intended use;

-13-

e.   Reverse engineering, deriving source code from, modifying, adapting, translating, decompiling, or disassembling Fortnite or making a derivative works based on it; and/or

f.   Creating, developing, distributing, or using unauthorized software programs to gain advantage in any online or other game modes.

127.   Epic has performed its obligations pursuant to the Terms and EULA.

128.   As a direct and proximate result of Defendants' breaches of the Terms and EULA, Epic has been and will continue to be harmed, thereby entitling it to injunctive relief, compensatory damages, attorneys' fees, costs, and/or other equitable relief against Defendants.

**SIXTH CLAIM FOR RELIEF**
**California Unfair Competition**
**(Cal. Bus. & Prof. Code § 17200, *et seq.*)**

129.   Epic realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

130.   Defendants have engaged in unlawful, unfair or fraudulent business practices that have and will continue to injure Epic in its business or property.

131.   Defendants have engaged in violations of state and federal law, including but not limited to the following:  (a) infringing the FORTNITE mark; and (b) breaching the Terms and EULA.

132.   Defendants' acts alleged herein have caused monetary damage to Epic, in an amount to be proven at trial, in the form of costs related to investigating and addressing Defendants' unlawful activities and harm to goodwill.

133.   Defendants have caused and will continue to cause irreparable injury to Epic. Epic, therefore, is entitled to an order enjoining Defendants from further engaging in the conduct described above.

134.   As a direct and proximate result of Defendants' conduct alleged herein, Defendants have been unjustly enriched and should be ordered to disgorge all profits earned as a result of such unlawful conduct.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs pray for the following relief:

A.      That judgment be entered in Plaintiffs' favor against Defendants on all claims;

B.      That Defendants and their officers, agents, representatives, servants, employees, heirs, successors, and assigns, and all others in active concert or participation with Defendants be preliminarily and permanently enjoined from:

      (a)      Infringing, inducing or enabling others to infringe Epic's copyrights in any manner whatsoever;

      (b)      Creating, writing, developing, advertising, promoting, and/or offering for sale or otherwise any software that infringes Epic's copyrights;

      (c)      Using, in any manner whatsoever, Epic's FORTNITE mark, or any confusingly similar mark, logo, trade name, domain name or other source identifier;

      (d)      Violating, inducing or enabling others to violate Epic's trademark rights in any manner whatsoever; and

      (e)      Unfairly competing with Epic in any manner whatsoever.

C.      An order requiring that Defendants immediately destroy all copies of Fortnite or any derivative work thereof;

D.      An order requiring that Defendants immediately destroy all copies of any Fortnite software cheats;

E.      An award to Plaintiffs of restitution and damages, including, but not limited to, liquidated, compensatory, statutory (including enhanced statutory damages for willful infringement), punitive damages, and all other damages permitted by law;

F.      That Plaintiffs be awarded pre-judgment and post-judgment interest on all damages awarded against Defendants;

G.      An award to Plaintiffs of their costs incurred in this suit, including, but not limited to, reasonable attorneys' fees; and

H.      For such other relief as the Court deems just and proper.

-15-

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury of all issues so triable.

DATED:  October 27, 2017

PERKINS COIE LLP

By:     /s/ Lauren B. Cohen
        Holly M. Simpkins (*pro hac vice*
        forthcoming)
        HSimpkins@perkinscoie.com
        Lauren B. Cohen, Bar No. 285018
        LCohen@perkinscoie.com

Attorneys for Plaintiffs Epic Games, Inc. and
Epic Games International S.à.r.l.

-16-

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## TXu 1-895-864

**Effective date of registration:**

December 18, 2013

---

## Title
    **Title of Work:** Fortnite

## Completion/Publication
    **Year of Completion:** 2013

## Author
    ■
    **Author:** Epic Games, Inc.
    **Author Created:** computer program

    **Work made for hire:** Yes
    **Citizen of:** United States    **Domiciled in:** United States

## Copyright claimant
    **Copyright Claimant:** Epic Games, Inc.

    620 Crossroads Boulevard, Cary, NC, 27518, United States

## Limitation of copyright claim
    **Material excluded from this claim:** computer program
    **Previous registration and year:** TXu001848153 2012
                TXu001812407 2012
    **New material included in claim:** computer program

## Certification
    **Name:** Joseph Wilbur
    **Date:** December 18, 2013

---

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

United States Register of Copyrights and Director

**Registration Number**

## TX 8-186-254

**Effective Date of Registration:**
July 14, 2015

---

## Title

**Title of Work:** Fortnite

## Completion/Publication

**Year of Completion:** 2015
**Date of 1st Publication:** May 30, 2015
**Nation of 1st Publication:** United States

## Author

- **Author:** Epic Games, Inc.
 **Author Created:** computer program
 **Work made for hire:** Yes
 **Citizen of:** United States
 **Domiciled in:** United States

## Copyright Claimant

**Copyright Claimant:** Epic Games, Inc.
620 Crossroads Boulevard, Cary, NC, 27518, United States

## Limitation of copyright claim

**Material excluded from this claim:** computer program
**Previous registration and year:** TXu001895864, 2013
TXu001848153, 2012

**New material included in claim:** computer program

## Certification

**Name:** Joseph Wilbur
**Date:** July 14, 2015

---

**Correspondence:** Yes

Page 1 of 1

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

United States Register of Copyrights and Director

**Registration Number**

## TX 8-254-659

**Effective Date of Registration:**
March 03, 2016

---

## Title

**Title of Work:** Fortnite

## Completion/Publication

**Year of Completion:** 2015
**Date of 1st Publication:** May 30, 2015
**Nation of 1st Publication:** United States

## Author

- **Author:** Epic Games, Inc.
  **Author Created:** computer program
  **Work made for hire:** Yes
  **Citizen of:** United States
  **Domiciled in:** United States

## Copyright Claimant

**Copyright Claimant:** Epic Games, Inc.
620 Crossroads Boulevard, Raleigh, NC, 27518, United States

## Limitation of copyright claim

**Material excluded from this claim:** computer program
**Previous registration and year:** TXu001895864, 2013
TXu001848153, 2012

**New material included in claim:** computer program

## Certification

**Name:** Joseph Wilbur
**Date:** March 03, 2016

---

**Correspondence:** Yes

Page 1 of 1

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Kayn Teyle Claypott*

Acting United States Register of Copyrights and Director

**Registration Number**

## TX 8-352-178

**Effective Date of Registration:**
December 23, 2016

## Title

**Title of Work:** FORTNITE (2016 Rev. 2)

## Completion/Publication

**Year of Completion:** 2016
**Date of 1st Publication:** November 30, 2016
**Nation of 1st Publication:** United States

## Author

- **Author:** Epic Games, Inc.
**Author Created:** computer program
**Work made for hire:** Yes
**Citizen of:** United States
**Domiciled in:** United States

## Copyright Claimant

**Copyright Claimant:** Epic Games, Inc.
620 Crossroads Boulevard, Cary, NC, 27518, United States

## Limitation of copyright claim

**Material excluded from this claim:** computer program
**Previous registration and year:** TX008-254-659, 2016
TX008-186-254, 2015

**New material included in claim:** computer program

## Certification

**Name:** Joseph Wilbur
**Date:** December 23, 2016

# EXHIBIT B



# FORTNITE

**Reg. No. 4,481,629**
**Registered Feb. 11, 2014**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

EPIC GAMES, INC. (MARYLAND CORPORATION)
620 CROSSROADS BOULEVARD
CARY, NC 27518

FOR: VIDEO GAME SOFTWARE, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 10-11-2013; IN COMMERCE 10-11-2013.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-488,103, FILED 12-6-2011.

LEIGH CAROLINE CASE, EXAMINING ATTORNEY



Deputy Director of the United States
Patent and Trademark Office

JS-CAND 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
EPIC GAMES, INC., a Maryland corporation; and EPIC GAMES INTERNATIONAL S.À.R.L., a Luxembourg Société à Responsibilité Limitée,

**(b)** County of Residence of First Listed Plaintiff   Wake County, North Carolina
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lauren B. Cohen, Perkins Coie LLP, 3150 Porter Drive, Palo Alto, CA 94304;
Holly Simpkins, Perkins Coie LLP, 1201 Third Ave., Ste. 4900, Seattle, WA 98101

## DEFENDANTS
JAMES MENDES, an individual; KONSTANTIN VLADIMIROVICH RAK, an individual; and OLEKSEY OLEKSEEVICH STEGAILO, an individual,

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| 1 | U.S. Government Plaintiff | **X** 3 | Federal Question *(U.S. Government Not a Party)* |
| 2 | U.S. Government Defendant | 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC § 881 | 422 Appeal 28 USC § 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury – Product Liability | 690 Other | 423 Withdrawal 28 USC § 157 | 376 Qui Tam (31 USC § 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ | **LABOR** | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | Pharmaceutical Personal Injury Product Liability | 710 Fair Labor Standards Act | **X** 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment Of Veteran's Benefits | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | 720 Labor/Management Relations | 830 Patent | 430 Banks and Banking |
| | 340 Marine | | 740 Railway Labor Act | 835 Patent—Abbreviated New Drug Application | 450 Commerce |
| 151 Medicare Act | 345 Marine Product Liability | **PERSONAL PROPERTY** | 751 Family and Medical Leave Act | 840 Trademark | 460 Deportation |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 350 Motor Vehicle | 370 Other Fraud | | | 470 Racketeer Influenced & Corrupt Organizations |
| | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 790 Other Labor Litigation | **SOCIAL SECURITY** | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 360 Other Personal Injury | 380 Other Personal Property Damage | 791 Employee Retirement Income Security Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| | 362 Personal Injury –Medical Malpractice | 385 Property Damage Product Liability | **IMMIGRATION** | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 160 Stockholders' Suits | | | 462 Naturalization Application | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 190 Other Contract | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 465 Other Immigration Actions | 864 SSID Title XVI | 891 Agricultural Acts |
| 195 Contract Product Liability | 440 Other Civil Rights | **HABEAS CORPUS** | | 865 RSI (405(g)) | 893 Environmental Matters |
| 196 Franchise | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| **REAL PROPERTY** | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 210 Land Condemnation | 443 Housing/ Accommodations | 530 General | | 871 IRS–Third Party 26 USC § 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 220 Foreclosure | 445 Amer. w/Disabilities– Employment | 535 Death Penalty | | | |
| 230 Rent Lease & Ejectment | 446 Amer. w/Disabilities–Other | **OTHER** | | | 950 Constitutionality of State Statutes |
| 240 Torts to Land | 448 Education | 540 Mandamus & Other | | | |
| 245 Tort Product Liability | | 550 Civil Rights | | | |
| 290 All Other Real Property | | 555 Prison Condition | | | |
| | | 560 Civil Detainee– Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| **X** 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from Another District *(specify)* | 6 Multidistrict Litigation–Transfer | 8 Multidistrict Litigation–Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
17 U.S.C. 501, 15 U.S.C. §§ 1114, 1125(a)
Brief description of cause:
Direct and contributory copyright infringement; trademark infringement and false designation of origin; breach of contract;

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, Fed. R. Civ. P.      DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   **X** Yes   No

## VIII. RELATED CASE(S), IF ANY *(See instructions):*
JUDGE                          DOCKET NUMBER

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)
*(Place an "X" in One Box Only)*      SAN FRANCISCO/OAKLAND          SAN JOSE          EUREKA-MCKINLEYVILLE

DATE                SIGNATURE OF ATTORNEY OF RECORD      /s/ Lauren B. Cohen

JS-CAND 44 (rev. 07/16)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-CAND 44

**Authority For Civil Cover Sheet.** The JS-CAND 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Federal Rule of Civil Procedure 8(a), which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

(1) <u>United States plaintiff.</u> Jurisdiction based on 28 USC §§ 1345 and 1348. Suits by agencies and officers of the United States are included here.

(2) <u>United States defendant.</u> When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

(3) <u>Federal question.</u> This refers to suits under 28 USC § 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

(4) <u>Diversity of citizenship.</u> This refers to suits under 28 USC § 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS-CAND 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.

(1) <u>Original Proceedings.</u> Cases originating in the United States district courts.

(2) <u>Removed from State Court.</u> Proceedings initiated in state courts may be removed to the district courts under Title 28 USC § 1441. When the petition for removal is granted, check this box.

(3) <u>Remanded from Appellate Court.</u> Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

(4) <u>Reinstated or Reopened.</u> Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

(5) <u>Transferred from Another District.</u> For cases transferred under Title 28 USC § 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

(6) <u>Multidistrict Litigation Transfer.</u> Check this box when a multidistrict case is transferred into the district under authority of Title 28 USC § 1407. When this box is checked, do not check (5) above.

(8) <u>Multidistrict Litigation Direct File.</u> Check this box when a multidistrict litigation case is filed in the same district as the Master MDL docket.

<u>Please note that there is no Origin Code 7.</u> Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** <u>Example:</u> U.S. Civil Statute: 47 USC § 553. <u>Brief Description:</u> Unauthorized reception of cable service.

VII. **Requested in Complaint.** <u>Class Action.</u> Place an "X" in this box if you are filing a class action under Federal Rule of Civil Procedure 23.

<u>Demand.</u> In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.

<u>Jury Demand.</u> Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS-CAND 44 is used to identify related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

IX. **Divisional Assignment.** If the Nature of Suit is under Property Rights or Prisoner Petitions or the matter is a Securities Class Action, leave this section blank. For all other cases, identify the divisional venue according to Civil Local Rule 3-2: "the county in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated."

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| EPIC GAMES, INC., a Maryland corporation; and EPIC GAMES INTERNATIONAL S.À.R.L., a Luxembourg Société à Responsibilité Limitée,<br><br>*Plaintiff(s)*<br><br>v.<br><br>JAMES MENDES, an individual; KONSTANTIN VLADIMIROVICH RAK, an individual; and OLEKSEY OLEKSEEVICH STEGAILO, an individual,<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.  CV-17-6223 LB

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
    James Mendes
    1 Foortrekker Baan, Kaap Stad, Nothern Cape 6429 ZA
    boerbot@gmail.com

    (See attached for additional Defendants)

    A lawsuit has been filed against you.

    Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Lauren B. Cohen
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA 94304

    If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:   October 27, 2017
                                              Felicia Reloba
                                        *Signature of Clerk or Deputy Clerk*

Additional Defendants:

Konstantin Vladimirovich Rak
243 Gogol Street
Anapa, Krasnodar Krai 352456 RU
konstantin.rak1@gmail.com

Oleksey Olekseevich Stegailo
Ukraine, Keiv Olbast, Mironivka
Buznitzkogo Street 9
Mironivka, AI 10 08800 UA
kyky.lexa@gmail.com

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):* _____

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

1    Holly M. Simpkins (*pro hac vice* forthcoming)
     HSimpkins@perkinscoie.com
2    PERKINS COIE LLP
     1201 Third Avenue, Suite 4900
3    Seattle, WA  98101
     Telephone:  206.359.8000
4    Facsimile:  206.359.9000

5    Lauren B. Cohen, Bar No. 285018
     LCohen@perkinscoie.com
6    PERKINS COIE LLP
     3150 Porter Drive
7    Palo Alto, CA  95130
     Telephone:  650.838.4300
8    Facsimile:  650.838.4350

9    Attorneys for Plaintiffs
     EPIC GAMES, INC. and EPIC GAMES
10   INTERNATIONAL S.À.R.L.

11                     UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

13

14

15   EPIC GAMES, INC., a Maryland            Case No.
     corporation; and EPIC GAMES
16   INTERNATIONAL S.À.R.L., a               **PLAINTIFF EPIC GAMES, INC.'S
     Luxembourg Société à Responsabilité     CERTIFICATE OF INTERESTED
17   Limitée,                                ENTITIES AND CORPORATE
                                             DISCLOSURE STATEMENT IN
18                          Plaintiffs,      COMPLIANCE WITH F.R.C.P. 7.1 AND
                                             CIVIL LOCAL RULE 3-15**
19          v.

20   JAMES MENDES, an individual;
     KONSTANTIN VLADIMIROVICH RAK,
21   an individual; and OLEKSEY
     OLEKSEEVICH STEGAILO, an individual,
22
                            Defendants.
23

24

25

26

27

28

─────────────────────────────────────────────────────────
         CERTIFICATE OF INTERESTED ENTITIES AND CORPORATE DISCLOSURE STATEMENT

**TO THE COURT AND ALL PARTIES APPEARING OF RECORD:**

Pursuant to Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-15, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Tencent Holdings, Ltd.

DATED: October 27, 2017                    **PERKINS COIE LLP**


By: */s/ Lauren B. Cohen*
    Lauren B. Cohen, Bar No. 285018
    LCohen@perkinscoie.com


Attorneys for Plaintiffs
EPIC GAMES, INC. and EPIC GAMES
INTERNATIONAL S.À.R.L.

CERTIFICATE OF INTERESTED ENTITIES AND CORPORATE DISCLOSURE STATEMENT
LEGAL137443742.1

1   Holly M. Simpkins (*pro hac vice* forthcoming)
    HSimpkins@perkinscoie.com
2   PERKINS COIE LLP
    1201 Third Avenue, Suite 4900
3   Seattle, WA 98101
    Telephone: 206.359.8000
4   Facsimile: 206.359.9000

5   Lauren B. Cohen, Bar No. 285018
    LCohen@perkinscoie.com
6   PERKINS COIE LLP
    3150 Porter Drive
7   Palo Alto, CA 95130
    Telephone: 650.838.4300
8   Facsimile: 650.838.4350

9   Attorneys for Plaintiffs
    EPIC GAMES, INC. and EPIC GAMES
10  INTERNATIONAL S.À.R.L.

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13

14

15  EPIC GAMES, INC., a Maryland          Case No.
    corporation; and EPIC GAMES
16  INTERNATIONAL S.À.R.L., a             **PLAINTIFF EPIC GAMES
    Luxembourg Société à Responsibilité   INTERNATIONAL S.À.R.L.'S
17  Limitée,                              CERTIFICATE OF INTERESTED
                                          ENTITIES AND CORPORATE
18                Plaintiffs,             DISCLOSURE STATEMENT IN
                                          COMPLIANCE WITH F.R.C.P. 7.1 AND
19       v.                               CIVIL LOCAL RULE 3-15**

20  JAMES MENDES, an individual;
    KONSTANTIN VLADIMIROVICH RAK,
21  an individual; and OLEKSEY
    OLEKSEEVICH STEGAILO, an individual,
22
                  Defendants.
23

24

25

26

27

28

CERTIFICATE OF INTERESTED ENTITIES AND CORPORATE DISCLOSURE STATEMENT
LEGAL137443759.1

**TO THE COURT AND ALL PARTIES APPEARING OF RECORD:**

Pursuant to Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-15, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:  Epic Games, Inc.


DATED:  October 27, 2017                    **PERKINS COIE LLP**


By: */s/ Lauren B. Cohen*
    Lauren B. Cohen, Bar No. 285018
    LCohen@perkinscoie.com


Attorneys for Plaintiffs
EPIC GAMES, INC. and EPIC GAMES
INTERNATIONAL S.À.R.L.

CERTIFICATE OF INTERESTED ENTITIES AND CORPORATE DISCLOSURE STATEMENT
LEGAL137443759.1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EPIC GAMES, INC., et al.,

        Plaintiffs,

    v.

JAMES MENDES, et al.,

        Defendants.

Case No.  3:17-cv-06223-LB

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Laurel Beeler . When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order, the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2.  Plaintiffs or removing parties must file a consent or declination to proceed before a magistrate judge within 14 days of the filing of the complaint or the removal.  All other parties must file a consent or declination within 14 days of appearing in the case.  All parties who have made an appearance must file a consent or declination within 7 days of the filing of a dispositive motion or the case will be reassigned to a district court judge.  Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3.  Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at http://www.cand.uscourts.gov/adr.  A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties

the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District

Of California", additional copies of which can be downloaded from the court's  Internet website:

http://www.cand.uscourts.gov.

| CASE SCHEDULE – ADR MULTI-OPTION PROGRAM | | |
|---|---|---|
| **Date** | **Event** | **Governing Rule** |
| 10/27/2017 | Complaint Filed | |
| 1/4/2018 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil L.R . 16-8(b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference http://www.adr.cand.uscourts.gov<br>(form available at http://www.cand.uscourts.gov) | Civil L.R . 16-8(c) & ADR L.R. 3-5(b) |
| 1/18/2018 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per Standing Order re Contents of Joint Case Management Statement<br>(also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil L.R . 16-9 |
| 1/25/2018 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) at 11:00 AM in:<br>Courtroom C, 15th Floor<br>Phillip Burton Federal Building<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 | Civil L.R . 16-10 |

\* If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

United States District Court
Northern District of California

2

## Filing Procedures (San Francisco)

**To supplement the local rules, the following guidelines have been provided to ensure that the filing process is accomplished with ease and accuracy. For additional information or assistance, please call the Clerk's Office during office hours.**

1. Manually filed documents are filed in the Clerk's Office at the location of the chambers of the judge to whom the action has been assigned. We do not accept filings for cases assigned to judges or magistrate judges in the Oakland or San Jose division, per Civil Local Rule 3-2(b).
2. This office will accept for filing the original and one copy of most documents submitted. The original will be scanned and filed in the electronic format. The hard copy will be disposed of in civil cases. We will conform as many copies as you bring for your own use. Related cases require an extra copy for **each** related action designated.
3. The copy submitted with the original goes directly to the assigned Judge. No additional copies for the judge should be provided, unless you have been instructed to do so by court order.
4. To facilitate the file stamping process, each original document must be submitted on top of its copies. In other words; group like documents together, as opposed to a set of originals and separate sets of copies.
5. The case number must indicate whether it is a civil or criminal matter by the inclusion of **C** or **CR** at the beginning of the number. Miscellaneous and foreign judgment matters should also be indicated with initials **MISC** at the end of the case number. The case number must include the initials of the judge and/or magistrate judge.
6. Documents containing hearing dates should include the appropriate judge or magistrate judge involved in a particular matter or before whom an appearance is being made. This is especially important when submitting Settlement Conference Statements.
7. Documents are to be stapled or acco-fastened at the top. Backings, bindings and covers are not required. Two holes punched at the top of the original document will facilitate processing.
8. Appropriately sized, stamped, self-addressed return envelopes are to be included with proposed orders or when filing documents by mail.
9. Proofs of service should be attached to the back of documents. If submitted separately, you must attach a pleading page to the front of the document showing case number and case caption.
10. There are no filing fees once a case has been opened, aside from the fee for a Notice of Appeal.
11. New cases must be accompanied by a completed and signed Civil Cover Sheet, the filing fee or fee waiver request form and an original plus **two** copies of the complaint and any other documents. For Intellectual Property cases, please provide an original plus **three** copies of the complaint. Present new cases for filing before 3:30 p.m.
12. Copies of forms may be obtained at no charge. They may be picked up in person from the Clerk's Office or with a written request accompanied by an appropriate sized, stamped, self-addressed envelope for return. In addition, copies of the Local Rules may be obtained, free of charge, in the Clerk's Office or by sending a written request, along with a self-addressed, 10" x 14" return envelope, stamped with $7.50 postage to: Clerk, U.S. District Court, 450 Golden Gate Avenue, 16th Flr. San Francisco CA, 94102.
13. Two computer terminals that allow public access to case dockets and information regarding files at the Federal Records Center (FRC) are located in the reception area of the Clerk's Office. Written instructions are posted by the terminals. Outside of the Clerk's Office,

electronic access to dockets is available through PACER (www.pacer.gov). To obtain information or to register call 1-800-676-6851.

14. A file viewing area is located adjacent to the reception area. Files may be viewed in this area after signing the log sheet and presenting identification.  Under no circumstances are files to be removed from the viewing room. (Hours for San Francisco are 9:00 a.m. to 1:00 p.m.)

15. The Clerk's Office can only accept payment by exact change, check or credit card, made payable to Clerk, U.S. District Court. No change can be made for fees or the public copy machine.

16. A coin/card operated copy machine is located in the file viewing area for public use, at twenty-five cents (\$.25) per page. Personal copiers may be brought in at anytime during normal operating hours.

17. Drop Boxes for filing are available when the Clerk's Office is closed.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ) | Case Number: C 14-xxxx |
| ) | |
| ) | JOINT CASE MANAGEMENT |
| Plaintiff(s),    ) | STATEMENT & [PROPOSED] ORDER |
| ) | |
| ) | |
| vs.         ) | |
| ) | |
| ) | |
| Defendant(s).  ) | |
| ) | |
| ) | |
| _____ ) | |

     The parties to the above-entitled action jointly submit this JOINT CASE

MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All

Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.


1. <u>Jurisdiction & Service</u>
*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*


2. <u>Facts</u>
*A brief chronology of the facts and a statement of the principal factual issues in dispute.*


3. <u>Legal Issues</u>
*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*


Page **1** of **4**

4. <u>Motions</u>

*All prior and pending motions, their current status, and any anticipated motions.*

5. <u>Amendment of Pleadings</u>

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

6. <u>Evidence Preservation</u>

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

7. <u>Disclosures</u>

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

8. <u>Discovery</u>

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

9. <u>Class Actions</u>

*If a class action, a proposal for how and when the class will be certified.*

10. <u>Related Cases</u>

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

11. <u>Relief</u>

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

12. <u>Settlement and ADR</u>

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

*Form updated August 2014*

13. <u>Consent to Magistrate Judge For All Purposes</u>

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.   ____ YES   ____ NO*

14. <u>Other References</u>

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

15. <u>Narrowing of Issues</u>

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

16. <u>Expedited Trial Procedure</u>

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.  If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

17. <u>Scheduling</u>

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

18. <u>Trial</u>

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

20. <u>Professional Conduct</u>

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

21. <u>Other</u>

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

Page **3** of **4**

*Form updated August 2014*

1
2
3      Dated: _____        _____
4                                    Counsel for plaintiff
5
6
7      Dated: _____        _____
8                                    Counsel for defendant
9
10                          CASE MANAGEMENT ORDER
11     The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved
       as the Case Management Order for this case and all parties shall comply with its provisions. [In
12     addition, the Court makes the further orders stated below:]
13
14
15     IT IS SO ORDERED.
16     Dated: _____        _____
17                                    UNITED STATES DISTRICT/MAGISTRATE JUDGE
18
19
20
21
22
23
24
25
26
27
28

*Form updated August 2014*

**PROCEDURES FOR TELEPHONE APPEARANCES**
**MAGISTRATE JUDGE LAUREL BEELER**
**Effective March 2017**

**1.   Policy Regarding  Telephone Appearances**

The court allows telephone appearances for case-management conferences and motions hearings. Parties must file a request to appear by telephone and include a proposed order. Please contact Judge Beeler's Courtroom Deputy, Roger Moua, at (415) 522-3140 for additional guidance.  Unless the parties proposed a different procedure that the court authorizes, telephone appearance are through **CourtCall**, an independent conference-call company, under the procedures in the next section.

**2.   Scheduling a Telephone Appearance**

After the court authorizes a telephone appearance, counsel may arrange it by calling **CourtCall at (866) 582-6878** not later than **3:00 p.m.** on the court day before the hearing date.

3.   **Procedure For Telephone Appearances**

Court Call will give counsel written confirmation of the telephone appearance and a number to call to make the telephone appearance. Counsel must dial into the call ten minutes before the scheduled hearing. **CourtCall does not place the call to counsel**.

The initial charge per participant for a CourtCall appearance is $30.00 for the first 45 minutes that the participant is connected. For each additional 15-minute increment, the charge is $7.00. If you do not timely call and connect with the Court Call operator, you will be billed for the call.

Telephone appearances are connected directly to the courtroom's public address system and recording equipment so that a normal record is produced. To ensure the quality of the record, the use of mobile phones, speakerphones, or phones in public places is discouraged because it can create an echo and make it difficult to hear. The court understands that occasionally, it may be unavoidable.

During the hearing, you will be in the listening mode and able to hear all cases, just as if you were in the courtroom. After your call is connected, the Clerk will call the case, request appearances, and direct the manner in which the hearing proceeds. Each time you speak, you should identify yourself by name for the record. The system allows more than one speaker to be heard at the same time (unlike the court's regular system).

The court will inform you when the hearing is over so that you may disconnect.

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

**STANDING ORDER FOR**
**UNITED STATES MAGISTRATE JUDGE LAUREL BEELER**
*(Effective March 15, 2017)*

Parties must comply with the procedures in the Federal Rules of Civil and Criminal Procedure, the local rules, the general orders, this standing order, and the Northern District's general standing order for civil cases titled "Contents of Joint Case Management Statement." These rules and a summary of electronic filing requirements (including the procedures for emailing proposed orders to chambers) are available at http://www.cand.uscourts.gov (click "Rules" or "ECF-PACER"). A failure to comply with any of the rules may be a ground for monetary sanctions, dismissal, entry of judgment, or other appropriate sanctions.

## I. CALENDAR DATES AND SCHEDULING

Motions are heard each Thursday: civil motions at 9:30 a.m. and criminal motions at 10:30 a.m. Case-management conferences are every Thursday: criminal cases at 10:30 a.m. and civil cases at 11:00 a.m. Parties must notice motions under the local rules and need not reserve a hearing date in advance if the date is available on the court's calendar (click "Calendars" at http://www.cand.uscourts.gov). Depending on its schedule, the court may reset or vacate hearings. Please call courtroom deputy Roger Moua at (415) 522-3140 with scheduling questions.

## II. CHAMBERS COPIES

Under Civil Local Rule 5-1(b), parties must lodge a paper "Chambers" copy of any filing unless another format makes more sense (such as for spreadsheets, pictures, or exhibits that might be better lodged electronically). Paper copies must be printed on both sides and three-hole punched, and they must be the electronically filed copies with the PACER/ECF-generated header (with the case number, docket number, date, and ECF page number). Parties do not need to submit copies of certificates of service, certificates of interested entities or persons, consents or declinations to the court's jurisdiction, stipulations that do not require a court order (*see* Civil Local Rule 6-1), and notices of appearance or substitution of counsel. Please read Civil Local Rule 79-5 carefully regarding the requirements for filing documents under seal and providing copies.

STANDING ORDER

### III. CIVIL DISCOVERY

**1. Evidence Preservation**. After a party has notice of this order, it must take the steps needed to preserve information relevant to the issues in this action, including suspending any document destruction programs (including destruction programs for electronically-maintained material).

**2. Production of Documents In Original Form**. When searching for material under Federal Rule of Civil Procedure 26(a)(1) or after a Federal Rule of Civil Procedure 34(a) request, parties (a) must search all locations – electronic and otherwise – where responsive materials might plausibly exist, and (b) to the maximum extent feasible, produce or make available for copying and/or inspection the materials in their original form, sequence, and organization (including, for example, file folders).

**3. Privilege Logs.** If a party withholds material as privileged, *See* Fed. R. Civ. P. 26(b)(5) and 45(d)(2)(A), it must produce a privilege log that is sufficiently detailed for the opposing party to assess whether the assertion of privilege is justified. The log must be produced as quickly as possible but no later than fourteen days after its disclosures or discovery responses are due unless the parties stipulate to, or the court sets, another date. Unless the parties agree to a different logging method, privilege logs must contain the following: (a) the title and description of the document, the number of pages, and the Bates-number range; (b) the subject matter or general nature of the document (without disclosing its contents); (c) the identity and position of its author; (d) the date it was communicated (or prepared, if that is the more relevant date); (e) the identity and position of all addressees and recipients of the communication; (f) the document's present location; (g) the specific basis for the assertion that the document is privileged or protection (including a brief summary of any supporting facts); and (h) the steps taken to ensure the confidentiality of the communication, including an affirmation that no unauthorized persons received the communication.

**4. Expedited Procedures for Discovery Disputes**. The parties may not file formal discovery motions. Instead, and as required by the federal rules and local rules, the parties must meet and confer to try to resolve their disagreements. *See* Fed. R. Civ. P. 37(a)(1); Civil L. R. 37-1. Counsel may confer initially by email, letter, or telephone to try to narrow their disputes. After trying those

United States District Court
Northern District of California

means, lead trial counsel then must meet and confer **in person** to try to resolve the dispute. (If counsel are located outside of the Bay Area and cannot confer in person, lead counsel may meet and confer by telephone.) Either party may demand such a meeting with ten days' notice. If the parties cannot agree on the location, the location for meetings will alternate. The plaintiff's counsel will select the first location, defense counsel will select the second location, and so forth. If the parties do not resolve their disagreements through this procedure, lead counsel must file a joint letter brief no later than five days after lead counsels' in-person meet-and-confer. The letter brief must be filed under the Civil Events category of "Motions and Related Filings > Motions – General > Discovery Letter Brief." It may be **no more than five pages** (12-point font or greater, margins of no less than one inch) without leave of the court. Lead counsel for both parties must sign the letter and attest that they met and conferred in person. Each issue must be set forth in a separate section that includes 1) a statement of the unresolved issue, 2) a summary of each parties' position (with citations to supporting facts and legal authority), and 3) each party's final proposed compromise. (This process allows a side-by-side, stand-alone analysis of each disputed issue.)  If the disagreement concerns specific discovery that a party has propounded, such as interrogatories, requests for production of documents, or answers or objections to such discovery, the parties must reproduce the question/request and the response in full either in the letter or, if the page limits in the letter are not sufficient, in a single joint exhibit. The court then will review the letter brief and determine whether formal briefing or future proceedings are necessary. In emergencies during discovery events such as depositions, the parties may contact the court through the court's courtroom deputy pursuant to Civil Local Rule 37-1(b) but first must send a short joint email describing the nature of the dispute to lbpo@cand.uscourts.gov.

**IV. CONSENT CASES**

    1.  In cases that are assigned to Judge Beeler for all purposes, the parties must file their written consent or declination of consent to the assignment of a United States Magistrate Judge for all purposes as soon as possible. If a party files a dispositive motion (such as a motion to dismiss or a motion for remand), the moving party must file the consent or declination simultaneously with the motion, and the party opposing the motion must file the consent or declination simultaneously

United States District Court
Northern District of California

1   with the opposition.

2       2.  The first joint case-management conference statement in a case must contain all of the

3   information in the Northern District's standing order titled "Contents of Joint Case Management

4   Statement." Subsequent statements for further case-management conferences must not repeat

5   information contained in an earlier statement and instead should report only progress or changes

6   since the last case-management conference and any new recommendations for case management.

7   **V.  SUMMARY-JUDGMENT MOTIONS**

8       The parties may not file separate statements of undisputed facts. *See* Civil L. R. 56-2. Joint

9   statements of undisputed facts are not required but are helpful. Any joint statement must include –

10  for each undisputed fact – citations to admissible evidence. A joint statement generally must be

11  filed with the opening brief, and the briefs should cite to that statement. A reasonable process for

12  drafting a joint statement is as follows: 1) two weeks before the filing date, the moving party

13  proposes its undisputed facts, and 2) one week later, the responding party replies and the parties

14  meet and confer about any disagreements. For oppositions, a responding party may propose

15  additional undisputed facts to the moving party within seven days after the motion is filed and ask

16  for a response within two business days.

17      **IT IS SO ORDERED.**      _____

18                                  LAUREL BEELER
                                    United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## STANDING ORDER FOR ALL JUDGES
## OF THE NORTHERN DISTRICT OF CALIFORNIA

### CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

All judges of the Northern District of California require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.  <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.  <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.  <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.  <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5.  <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.  <u>Evidence Preservation</u>: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

7.  <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

8.  <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

9.  <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified.

10. <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

*Effective January 17, 2017*

12. <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. <u>Consent to Magistrate Judge For All Purposes</u>: Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ___ Yes ___ No

14. <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. <u>Expedited Trial Procedure</u>: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

17. <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. In any proposed class, collective, or representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim.

20. <u>Professional Conduct</u>: Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

# United States District Court
# Northern District of California

## ECF Registration Information

Electronic Case Filing (ECF or "e-filing") is mandatory for all civil cases in this court. Please refer to Civil Local Rule 5-1 for the Court's rules pertaining to electronic filing. Effective August 19, 2013, e-filing of initiating documents (complaints; notices of removal) is allowed, but is not mandatory; all other documents must be e-filed in civil cases.

Parties who are representing themselves pro se (without attorney representation) are not required to e-file and, in fact, may e-file only with the permission of the assigned judge.

Please review and attend to the following important notes and tasks:

- Serve this ECF Registration Information Handout on all parties in the case along with the complaint or removal notice and the other documents generated by the court upon filing.

- If not already registered, each attorney in the case must register to become an e-filer at cand.uscourts.gov/ECF. Your ECF registration is valid for life in this district; please do not register more than once.

IMPORTANT NOTICE: by signing and submitting to the court a request for an ECF user id and password, you consent to entry of your email address into the court's electronic service registry for electronic service on you of all e-filed papers, pursuant to rules 77 and 5(b)(2)(d) of the Federal Rules of Civil Procedure.

- If you are a party and do not have an attorney and would like to e-file in the case, please visit cand.uscourts.gov/ECF/proseregistration for instructions and information. Unless and until the assigned judge has given you permission to e-file, you are required to file and serve papers in hard copy (paper) form.

- Access dockets and documents using your PACER (Public Access to Court Electronic Records) account. If your firm already has a PACER account, please use that account. It is not necessary to have individual PACER accounts for each user in your office. To set up an account, visit: pacer.gov or call (800) 676-6856.

ECF interactive tutorials, instructions for e-filing and other information are available at: cand.uscourts.gov/ECF.



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT OF CASE
<u>TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL</u>

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been randomly assigned to a Magistrate Judge.

Pursuant to 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in a case, including all pretrial and trial proceedings, entry of judgment and post-trial motions. Appeal will be directly to the United States Court of Appeals for the Ninth Circuit.

Attached is a form to complete to indicate whether you consent to proceed before the assigned magistrate judge or decline to proceed before the assigned magistrate judge. This form is also available from the Court's website: <u>cand.uscourts.gov/civilforms</u>. You are free to withhold consent without adverse consequences. If any party declines, the case will be reassigned to a district judge.

If you are the plaintiff or removing party in this case, you must file your consent/declination form within 14 days of receipt of this notice. Each other party must file its consent/declination form within 14 days of appearing in the case.

The plaintiff or removing party must serve a copy of this notice upon all other parties to this action.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Case No. C

CONSENT OR DECLINATION
TO MAGISTRATE JUDGE
JURISDICTION

Plaintiff(s)

v.

Defendant(s).

**INSTRUCTIONS:** Please indicate below by checking **one** of the two boxes whether you (if you are the party) or the party you represent (if you are an attorney in the case) choose(s) to consent or decline magistrate judge jurisdiction in this matter. Sign this form below your selection.

☐ <u>**Consent** to Magistrate Judge Jurisdiction</u>

     In accordance with the provisions of 28 U.S.C. § 636(c), I voluntarily <u>**consent**</u> to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment. I understand that appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

    **OR**

☐ <u>**Decline** Magistrate Judge Jurisdiction</u>

     In accordance with the provisions of 28 U.S.C. § 636(c), I <u>**decline**</u> to have a United States magistrate judge conduct all further proceedings in this case and I hereby request that this case be reassigned to a United States district judge.

DATE: _____      NAME: _____

                                       COUNSEL FOR
                                       (OR "PRO SE"): _____

                                                   _____
                                                       *Signature*

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

## Consenting To The Jurisdiction Of A Magistrate Judge



Oakland



San Francisco



San Jose



Eureka

Phyllis J. Hamilton, Chief Judge

Susan Y. Soong, Clerk of Court

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

Phyllis J. Hamilton, Chief Judge

Susan Y. Soong, Clerk of Court

| | |
|---|---|
| **San Francisco Courthouse** | **Oakland Courthouse** |
| 450 Golden Gate Avenue | 1301 Clay Street, Suite 400S |
| San Francisco, California 94102 | Oakland, California 94612-5212 |
| Phone: 415-522-2000 | Phone: 510-637-3530 |
| Fax: 415-522-3605 | Fax: 510-637-3545 |
| **San Jose Courthouse** | **Eureka Courthouse** |
| 280 South First Street, Room 2112 | 3140 Boeing Avenue |
| San Jose, California 95113 | McKinleyville, California 95519 |
| Phone: 408-535-5364/5363 | Phone: 707-445-3612 |
| Fax: 408-535-5360 | Fax: 707-441-1659 |

## A MESSAGE FROM THE CHIEF JUDGE OF THE UNITED STATES DISTRICT COURT

As you embark on civil litigation in the United States District Court for the Northern District of California—whether as a party to a lawsuit or as an attorney—I encourage you to familiarize yourself with the range of services provided by the court's magistrate judges and especially to consider consenting to have a magistrate judge handle all aspects of your case, up to and including dispositive motions, jury or court trial and the entry of judgment.



The Northern District was one of the first federal trial courts in the country to assign a wide range of civil cases directly to magistrate judges upon filing. As a consequence, the magistrate judges have direct experience with nearly all types of civil matters filed in our court. Because our court is very busy, agreeing to proceed before a magistrate judge often means that the case will be resolved more quickly than if the case remained before a district judge. If the case must be tried, your trial date will be more certain and less likely to be continued to accommodate a felony jury trial. While consent is customarily given soon after a case is filed, parties may consent to have a magistrate judge preside over their case at any point in the proceedings.

Every magistrate judge in the Northern District underwent a highly competitive selection process and had years of experience before being appointed to the bench.

As the biographies that follow demonstrate, each is active in law school teaching and continuing legal education for attorneys. Many have been appointed to important committees within the circuit and national governing bodies and all are active in local court governance.

Each has been appointed based on detailed, confidential feedback from the bar and the community; each is equipped to handle the full range of issues presented to our court. Combined, the Northern District's magistrate judges bring thousands of hours of federal judicial experience to their work at our court.

Phyllis J. Hamilton
Chief Judge

## HOW CONSENT JURISDICTION WORKS

Under a law passed by Congress in 1976, the parties in a civil action in federal district court have the option of consenting to have the case handled by a United States magistrate judge. Magistrate judges are appointed by the district judges of each district court following a competitive merit selection process and serve for terms of eight years. Magistrate judges may be reappointed only after a rigorous review of their work that includes community input. In contrast, district judges are appointed by the President and confirmed by the Senate and serve without term limits.

With the exception of certain types of cases (including capital habeas corpus cases, securities class actions and bankruptcy appeals), when a civil action is filed in the Northern District of California, it is randomly assigned to either a district judge or a magistrate judge. For every case assigned to a magistrate judge, all parties (that is, all plaintiffs and all defendants) are asked to consent to have the case handled by a magistrate judge all the way through trial. The parties are encouraged to make a decision regarding magistrate judge jurisdiction as soon as possible and no later than the first case management conference (about 100 days after the case is filed). If any party does not consent, the case is reassigned to a district judge.

If all parties consent to magistrate judge jurisdiction, then the assigned magistrate judge presides over all aspects of the case and any appeals from magistrate judges' rulings are made directly to the Court of Appeals, as are rulings by district judges.

Sometimes cases initially assigned to district judges are reassigned to magistrate judges because all parties consent to magistrate judge jurisdiction. The district judge may invite the parties at the initial case management conference to consider consenting to the jurisdiction of a magistrate judge, and the parties may take that opportunity to do so.

The magistrate judges of the Northern District of California handle hundreds of civil cases every year. Each magistrate judge has an assigned courtroom and dedicated staff, including a courtroom deputy and law clerks. Because of their diverse professional experiences before and during their service as judges, this court's magistrate judges are well-qualified to preside over all types of civil litigation.

## POTENTIAL BENEFITS OF CONSENTING TO A MAGISTRATE JUDGE

When parties consent to have their case tried before a magistrate judge, they receive a date certain for trial. Because district judges must give priority to holding trials in felony criminal matters, district judges must frequently postpone scheduled civil trials. Because magistrate judges do not preside over felony criminal matters, they need not move their trial dates to accommodate criminal trials. This is one of the advantages of having a case handled by a magistrate judge rather than a district judge. In fact, the court's magistrate judges nearly always meet their scheduled trial dates.

Also, civil cases assigned to magistrate judges generally move along at a quicker pace. Because magistrate judges' trial dockets are generally less crowded than those of district court judges, magistrate judges are often able to schedule trial within one year of the filing of the complaint.



### Laws And Court Rules About United States Magistrate Judge Jurisdiction …

* Federal Magistrate Act of 1979, 28 U.S.C § 636(c)(1)

* Federal Rule of Civil Procedure 73

* Northern District of California Civil Local Rule 73

## MAGISTRATE JUDGE BIOGRAPHIES

### SAN FRANCISCO COURTHOUSE

**Magistrate Judge Laurel Beeler**
**Magistrate Judge Jacqueline Scott Corley**
**Magistrate Judge Maria-Elena James**
**Magistrate Judge Sallie Kim**
**Magistrate Judge Elizabeth Laporte**
**Chief Magistrate Judge Joseph Spero**

### OAKLAND COURTHOUSE

**Magistrate Judge Donna Ryu**
**Magistrate Judge Kandis Westmore**

### SAN JOSE COURTHOUSE

**Magistrate Judge Nathanael Cousins**
**Magistrate Judge Howard Lloyd**
**Magistrate Judge Susan van Keulen**

### EUREKA COURTHOUSE

**Magistrate Judge Nandor Vadas**



## MAGISTRATE JUDGE
## LAUREL BEELER

San Francisco Courthouse

Year Appointed: 2010

Magistrate Judge Laurel Beeler has presided, as a trial and settlement judge, over hundreds of civil cases in many subject areas, including intellectual property, civil rights, employment, and business disputes.

Judge Beeler was an Assistant U.S. attorney in the Northern District, prosecuting complex white-collar cases with parallel civil components. She was the Office's Professional Responsibility Officer and Deputy Chief of the Criminal Division. She was a law clerk to the Hon. Cecil F. Poole, U.S. Court of Appeals for the Ninth Circuit, and the Civil Appeals Division Chief at the 9th Circuit's Office of Staff Attorneys. She has trained as a mediator with the Northern District's ADR Program, the Federal Judicial Center, and Harvard Law School.

Judge Beeler is a member of the 9th Circuit Magistrate Judge Executive Board and the 9th Circuit Criminal Case Committee and is one of four national judicial liaisons to the U.S. Department of Justice/Office of Defender Services Joint Electronic Technology Working Group. She chairs the Northern District's Criminal Practice Committee and implemented the Court's reentry and diversion courts.

Judge Beeler served as President of the Federal Bar Association, co-chair of the Lawyer Representatives to the 9th Circuit, a board member of the Bar Association of San Francisco, and a member of the 9th Circuit's Jury Trial Improvement Committee. She is a member of the Executive Committee of the Edward J. McFetridge American Inn of Court. In 2006, Judge Beeler received the Northern District Judicial Conference's Public Service Award. In 2012, she was named one of *The Recorder's* "2012 Women Leaders in Law." In 2015, she received the Barrister's Choice Award from the Bar Association of San Francisco.

Judge Beeler taught civil trial practice at U.C. Berkeley School of Law and Criminal Procedure at U.C. Hastings College of the Law. She leads rule-of-law projects, including projects in Indonesia, Vietnam, Cambodia, Jordan, the Philippines, Ukraine, and Turkey.

Judge Beeler graduated with honors from the University of Washington School of Law, where she was Order of the Coif and an Articles Editor on the *Washington Law Review*. She received her A.B. with honors from Bowdoin College.



## MAGISTRATE JUDGE JACQUELINE SCOTT CORLEY

San Francisco Courthouse

Year Appointed: 2011

Magistrate Judge Jacqueline Scott Corley has presided over a variety of civil cases at all stages of the proceedings, from motions to dismiss through jury trial. She has also served as a settlement judge in nearly every type of federal litigation.

Just prior to taking the bench, Judge Corley was a partner at Kerr & Wagstaffe, LLP in San Francisco as a civil litigator with an emphasis on federal practice. She represented individuals, government entities, and institutions as plaintiffs and defendants in a variety of matters that included trademark, copyright, patent, constitutional law, defamation, malicious prosecution, class actions, contract and probate.

From 1998 through 2009 Judge Corley served as a career law clerk to the Honorable Charles R. Breyer. She also served on the Northern District of California Alternative Dispute Resolution mediation and early neutral evaluation panels from 2006 though her appointment.

Judge Corley received her undergraduate degree from the University of California Berkeley and her J.D. from Harvard Law School, magna cum laude, where she was an editor and Articles Chair of the *Harvard Law Review*. Upon graduation she served as a law clerk to the Honorable Robert E. Keeton of the United States District Court for the District of Massachusetts. She then practiced complex commercial litigation and white collar criminal defense at Goodwin, Procter LLP in Boston and was a litigation associate at Coblentz, Patch, Duffy & Bass LLP in San Francisco before joining Judge Breyer in 1998.



## MAGISTRATE JUDGE
## MARIA-ELENA JAMES

San Francisco Courthouse

Year Appointed: 1994

Magistrate Judge Maria-Elena James has served with the Court for over 20 years. During that time, she has presided over numerous cases and conducted thousands of settlement conferences. Outside the courtroom, she teaches a number of classes at three Bay Area law schools: University of California Hastings, University of San Francisco, and Golden Gate University. She also taught at the California Judicial Education and Research College and the University of Paris, Nanterre.

A 1978 graduate of the University of San Francisco Law School, she served as director of the Small Claims Court Education Project in the Consumer Fraud Unit of the San Francisco District Attorney's Office. She went on to serve as a deputy public defender in San Francisco, staff attorney for the National Labor Relations Board, and a supervising attorney in the San Francisco City Attorney's Office.

Judge James then served as a Commissioner in the San Francisco Superior Court presiding over discovery and family law proceedings for six years. She was appointed as a magistrate judge to the Northern District in 1994. Judge James served as the Northern District's Chief Magistrate Judge from 2009-2012. In 2010, the San Francisco Trial Lawyers Association recognized Judge James with the "Federal Jurist of the Year" award. She currently serves as the Northern District's Alternative Dispute Resolution Magistrate Judge, in charge of coordinating the alternative dispute resolution program with the Court.

She also volunteers as a mock trial judge for all grades of students and serves as a mentor to law students.



## MAGISTRATE JUDGE SALLIE KIM

San Francisco Courthouse

Year Appointed: 2015

Magistrate Judge Sallie Kim brings a broad range of civil and criminal litigation experience to the bench, with a special emphasis on civil cases in federal court.

Judge Kim graduated from Princeton University and from Stanford Law School. Upon graduation from law school, she served as law clerk to United States District Judge Spencer Williams of this Court. She then entered private civil litigation practice in Palo Alto. From 1995-99, Judge Kim served as Associate and Assistant Dean for Student Affairs at Stanford Law School, after which she returned to private civil litigation practice and became a partner with the law firm of GCA Law Partners, LLP in 2002.  She practiced at GCA Law Partners until she joined the Court in 2015.

Judge Kim's recent professional activities outside of regular civil litigation practice have included service in the following capacities: Co-Director of the Trial Advocacy Program and Lecturer in Law at Stanford Law School beginning in 2014; the Interim Title IX Coordinator for Stanford University in 2013 and 2014; Judge Pro Tem for Santa Clara County Superior Court from 2010 to the present; and Volunteer Deputy District Attorney for Santa Clara County for 14 weeks in 2010.



MAGISTRATE JUDGE

ELIZABETH D. LAPORTE

San Francisco Courthouse

Year Appointed: 1998

Magistrate Judge Elizabeth D. Laporte has presided over numerous civil cases through trial or other disposition, including patent, trademark, copyright, employment, civil rights and environmental cases and has conducted over 1000 settlement conferences.

A 1982 graduate of Yale Law School and a Marshall Scholar, she clerked for the Honorable Marilyn Hall Patel of this Court. She was a partner at the boutique litigation firm of Turner & Brorby and an Administrative Law Judge for the California Department of Insurance. In 1996, she began serving as Chief of Special Litigation for the San Francisco City Attorney's Office, and was named a Lawyer of the Year by California Lawyer.

Judge Laporte serves on the editorial board of the Federal Courts Law Review, the Board of Governors for the Northern California Chapter of the Association of Business Trial Lawyers and the Judicial Advisory Board of The Sedona Conference.

Judge Laporte is the immediate past Chief Magistrate Judge and has served as the Court's Alternative Dispute Resolution Magistrate Judge and chaired the Rules Committee's E-Discovery Subcommittee. At the Ninth Circuit Court of Appeals, Judge Laporte has chaired the Magistrate Judge Executive Board and served on the Jury Trial Improvement Committee. She regularly speaks at legal conferences and judicial education programs on patent litigation, jury trials, e-discovery, employment law, settlement, and other topics and has authored articles on patent litigation, settlement and e-discovery.



## CHIEF MAGISTRATE JUDGE JOSEPH C. SPERO

San Francisco Courthouse

Year Appointed: 1999

Chief Magistrate Judge Joseph C. Spero has presided as trial judge in criminal and civil cases in a variety of subject areas, including patent, employment, civil rights, commercial contract, trademark, and federal misdemeanor cases. He has also served as a settlement judge in over 1500 cases.

Judge Spero serves on the Court's Executive Committee, as Chair of the Court's Reentry Committee and of the Diversion Committee, and serves as Liaison Judge for Pretrial Services and Probation. He also serves on various circuit and national committees including the Magistrate Judges Advisory Group of the Administrative Office of the Courts, and on the Capital Case Committee of the Ninth Circuit.

A 1981 graduate of Columbia University School of Law, he clerked for the United States Court of Appeals for the Ninth Circuit. He worked as an associate at Skadden, Arps, Slate, Meagher & Flom, and as associate then partner at Coblentz, Cahen, McCabe & Breyer (now Coblentz, Patch, Duffy & Bass).

While in private practice, he trained as a mediator at Harvard Law School and served as a mediator in the Northern District's Alternative Dispute Resolution Program. He also served as a Judge Pro-Tem for the San Francisco County Superior Court.

Judge Spero served as pro bono counsel in a variety of cases. He received the Thurgood Marshall Award from the Bar Association of the City of New York.



### MAGISTRATE JUDGE DONNA M. RYU

Oakland Courthouse

Year Appointed: 2010

Magistrate Judge Donna M. Ryu has presided over consent cases in a wide variety of fields, including commercial disputes, patent and other intellectual property, employment, civil rights, insurance, personal injury, environmental, maritime, and constitutional law. She conducts settlement conferences in all major practice areas, and manages discovery in complex matters, including multi-district litigation. Judge Ryu has served on numerous court committees, including Local Rules, Subcommittee on E-Discovery, and Pro Bono Projects, among others.

Prior to taking the bench, Judge Ryu was a Clinical Professor of Law at U.C. Hastings, and before that at Golden Gate University Law School. Her courses included instruction in negotiation, pretrial and trial techniques, employment law, and legal ethics.

Judge Ryu began her career as a commercial litigator at a large San Francisco firm before joining an Oakland-based firm specializing in class actions, and later founding her own small firm. She has extensive experience in complex civil litigation, including discovery, motions and trials.

She has been honored as a California Lawyer of the Year in Employment Law. She is the recipient of the Asian American Bar Association's Joe Morozumi Award for Exceptional Legal Advocacy, the Rutter Award for Excellence in Teaching, and the National Asian Pacific American Bar Association's Trailblazers Award. She co-designed a national training institute on class actions, and has written and lectured in the areas of employment law, e-discovery, pretrial practice, attorneys' fees, class actions, and professionalism.

Judge Ryu graduated with honors from Yale University, and received her law degree in from U.C. Berkeley Law School, where she continues to teach as a Lecturer.



### MAGISTRATE JUDGE
### KANDIS A. WESTMORE

Oakland Courthouse

Year Appointed: 2012

Magistrate Judge Kandis A. Westmore has presided over dozens of civil cases and criminal matters. She is a current member of the Northern District's Community Outreach and Security Committees. She also serves on the Court's Conviction Alternative and Reentry Programs.

Judge Westmore received her Bachelor of Arts Degree in Psychology from the University of California, Berkeley in 1989 and her law degree from the University of San Francisco School of Law in 1997. During law school, Judge Westmore served as a judicial extern to the Honorable Saundra Brown Armstrong of this Court.

She began her legal career at an Oakland-based boutique law firm specializing in plaintiffs' civil rights litigation. In 1999, she joined the Oakland City Attorney's Office as a Deputy City Attorney, initially prosecuting code enforcement and drug nuisance abatement cases and serving as advice counsel to City Departments. She later served as general litigation trial counsel, then as law and motion and appellate counsel, representing the City and its employees in cases involving civil rights, personal injury, debt collection, inverse condemnation, labor and employment, and complex litigation, in both state and federal court.

In 2011, Judge Westmore served as President-Elect of the Alameda County Bar Association (ACBA) and represented clients in family law cases through the ACBA Volunteer Legal Services Corporation's Pro Bono Program, which assists low-income individuals who otherwise cannot afford an attorney. She is now President-Elect of the Earl Warren American Inn of Court.



## MAGISTRATE JUDGE NATHANAEL COUSINS

San Jose Courthouse

Year Appointed: 2011

Magistrate Judge Nathanael Cousins has his chambers in San Jose, but he has served in each courthouse in the Northern District of California, from Salinas to Eureka.

He joined the Court from the U.S. Department of Justice, where he worked as an Assistant U.S. Attorney (San Jose and San Francisco offices) and Antitrust Division Trial Attorney (San Francisco). In those positions, he had criminal jury trials before many of the Judges of this Court. He was part of the team that prosecuted global price-fixing cartels in memory chip markets. He also coordinated Operation Ceasefire, a community program to reduce gang violence in Monterey County.

Immediately before joining the Department of Justice, he worked as a civil litigation associate and then partner in the Chicago office of Kirkland & Ellis, and before that he was a litigation associate in the Los Angeles office of Greenberg Glusker. His civil litigation cases focused on antitrust, class actions, consumer fraud, securities fraud, and civil rights. He was pro bono class counsel for inmates at an Illinois state prison.

Judge Cousins graduated from the University of California, Hastings College of the Law. After law school, he clerked for the Hon. F.A. Little, Jr., Chief Judge of the U.S. District Court, Western District of Louisiana. He received his undergraduate degree in political science from Stanford.  While in school, he studied abroad in Russia and the Netherlands.

Judge Cousins has taught legal writing, moot court, and antitrust law at Hastings, and participates regularly in moot court and trial training programs at Bay Area law schools. He also coaches basketball and soccer.



## MAGISTRATE JUDGE HOWARD R. LLOYD

San Jose Courthouse

Year Appointed: 2002

Magistrate Judge Howard R. Lloyd has tried a multitude of civil cases and criminal misdemeanors, ruled on hundreds of discovery disputes and case-dispositive motions and recently empaneled two grand juries.

Judge Lloyd obtained his undergraduate degree at the College of William and Mary, graduating Phi Beta Kappa, and—after military service—earned his law degree from the University of Michigan Law School.

For the next 30 years he worked as a trial and appellate lawyer for a large San Jose law firm. He first-chaired about 50 trials, mostly in the areas of employment, civil rights, contract, and intellectual property. As his firm's appellate specialist, he wrote about 100 appeals, argued frequently at the California Courts of Appeal, and appeared three times before the California Supreme Court. After leaving the firm, he worked for two years as an independent ADR provider.

While in private practice, Judge Lloyd was selected for voluntary service as an Early Neutral Evaluator (N.D. CA), mediator (California Court of Appeals), and Settlement Judge Pro Tem (Santa Clara County Superior Court). He was a frequent presenter at continuing education courses for attorneys, usually speaking about employment law or business torts.

Since taking the bench, Judge Lloyd has continued speaking to bar associations and other groups, served on court committees as well as on the Ninth Circuit Committee on Magistrate Judges Education, and in 2010 guided the establishment of the "Help Desk" for pro se litigants at the San Jose Courthouse. For many years he also taught a seminar at Santa Clara University Law School.



## MAGISTRATE JUDGE SUSAN VAN KEULEN

### San Jose Courthouse

### Year Appointed: 2017

Magistrate Judge Susan van Keulen joined the Court following 28 years as a commercial and intellectual property litigator in Silicon Valley.

Magistrate Judge van Keulen's private law practice focused substantially on intellectual property cases in federal and state courts and in private arbitrations, with particular experience handling technology and commercial disputes involving semiconductor, computer, and electronics technologies. Magistrate Judge van Keulen prepared dozens of cases for trial and served as lead trial counsel in a number of cases in the Northern District. As an active part of her practice, she has also regularly represented pro bono clients in cases involving landlord-tenant disputes, immigration issues and legal remedies for domestic violence.

In addition to her active law practice, Magistrate Judge van Keulen served on the Northern District's Patent Local Rules Advisory Subcommittee from 2006 to 2014 and has lectured and written widely on antitrust and patent law and federal procedure.

Magistrate Judge van Keulen graduated from the University of California, Davis and UCLA School of Law, then practiced law with the Thelen law firm (1988-2008) and then as a partner with O'Melveny & Myers where she served as Litigation Practice Leader at the Silicon Valley office until taking the bench.



## MAGISTRATE JUDGE
## NANDOR J. VADAS

### Eureka-McKinleyville Courthouse
### Year Appointed: 2004

Magistrate Judge Nandor J. Vadas has presided over a wide variety of criminal and civil cases, including civil rights, employment, ADA, Indian law, and Endangered Species Act cases. Judge Vadas maintains his chambers in Eureka but also presides over cases in San Francisco. Judge Vadas also conducts a petty offense and misdemeanor calendar on the Hopland Indian Reservation in Mendocino County.

Judge Vadas graduated from the University of California, Santa Cruz and U.C. Hastings College of the Law. Before taking the bench, Judge Vadas served for 20 years as a prosecutor in Northern California, working at both the federal and state (San Francisco & Humboldt Counties) levels.

As a United States magistrate judge, Judge Vadas established the acclaimed early settlement program for prisoner civil rights cases serving California prisoners housed at Pelican Bay State Prison and, later, all state prisons in the Northern District and some in the Eastern District of California. He has taught criminal justice courses at the Police Academy at College of the Redwoods and has served on the Magistrate Judges' Advisory Group to the Judicial Conference of the United States. Judge Vadas currently serves on the Pro Se Litigation Committee of the Ninth Circuit Court of Appeals and on this Court's judicial committees on Technology, Security and Community Outreach.

All new civil and criminal actions arising in the counties of Del Norte, Lake, Humboldt and Mendocino are assigned directly to Judge Vadas, subject to consent under 28 USC § 636(c)(1). For the convenience of parties in the Bay Area, Judge Vadas often holds proceedings by video-conference and in the San Francisco courthouse as well as in Eureka.

If you have additional questions about magistrate judge jurisdiction, please contact the Clerk's Office:

Phone: 415-522-2045

Fax: 415-522-2176

This brochure is available on the Court's website: **cand.uscourts.gov.**

Print copies are available at all of the Court's four courthouses.

The magistrate judge portraits in this brochure were taken by Roslyn Banish.

The courthouse photos were taken by court staff members.

Date of printing: **May 3, 2017**

Case 3:17-cv-06223-LB   Document 20-1   Filed 01/08/18   Page 77 of 79

ADRMOP,AO279

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:17-cv-06223-LB

| | |
|---|---|
| Epic Games, Inc. et al v. Mendes et al | Date Filed: 10/27/2017 |
| Assigned to: Magistrate Judge Laurel Beeler | Jury Demand: Plaintiff |
| Cause: 17:501 Copyright Infringement | Nature of Suit: 820 Copyright |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Epic Games, Inc.**                represented by    **Lauren Beth Cohen**
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
650-838-4396
Fax: 650-838-4350
Email:
lcohen@perkinscoie.com
*ATTORNEY TO BE
NOTICED*

**Plaintiff**

**Epic Games International
S.A.R.L.**                represented by    **Lauren Beth Cohen**
(See above for address)
*ATTORNEY TO BE
NOTICED*

V.

**Defendant**

**James Mendes**

**Defendant**

**Konstantin Vladimirovich**

Case 3:17-cv-06223-LB   Document 20-1   Filed 01/08/18   Page 78 of 79

**Rak**

**Defendant**

**Olekseevich Stegailo**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/27/2017 | 1 | COMPLAINT against James Mendes, Konstantin Vladimirovich Rak, Olekseevich Stegailo ( Filing fee $ 400, receipt number 0971-11832724.). Filed byEpic Games, Inc., Epic Games International S.A.R.L.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Civil Cover Sheet)(Cohen, Lauren) (Filed on 10/27/2017) (Entered: 10/27/2017) |
| 10/27/2017 | 2 | Proposed Summons. (Cohen, Lauren) (Filed on 10/27/2017) (Entered: 10/27/2017) |
| 10/27/2017 | 3 | Certificate of Interested Entities by Epic Games International S.A.R.L. identifying Corporate Parent Epic Games, Inc. for Epic Games International S.A.R.L.. (Cohen, Lauren) (Filed on 10/27/2017) (Entered: 10/27/2017) |
| 10/27/2017 | 4 | Certificate of Interested Entities by Epic Games, Inc. identifying Other Affiliate Tencent Holdings, Ltd. for Epic Games, Inc.. (Cohen, Lauren) (Filed on 10/27/2017) (Entered: 10/27/2017) |
| 10/27/2017 | 5 | Case assigned to Magistrate Judge Laurel Beeler. Counsel for plaintiff or the removing party is responsible for serving the Complaint or Notice of Removal, Summons and the assigned judge's standing orders and all other new case documents upon the opposing parties. For information, visit *E-Filing A New Civil Case* at http://cand.uscourts.gov/ecf/caseopening. Standing orders can be downloaded from the court's web |

| | | |
|---|---|---|
| | | page at www.cand.uscourts.gov/judges. Upon receipt, the summons will be issued and returned electronically. Counsel is required to send chambers a copy of the initiating documents pursuant to L.R. 5-1(e)(7). A scheduling order will be sent by Notice of Electronic Filing (NEF) within two business days. Consent/Declination due by 11/13/2017. (cv, COURT STAFF) (Filed on 10/27/2017) (Entered: 10/27/2017) |
| 10/27/2017 | 6 | **Initial Case Management Scheduling Order with ADR Deadlines: Case Management Statement due by 1/18/2018. Initial Case Management Conference set for 1/25/2018 11:00 AM in Courtroom C, 15th Floor, San Francisco. (farS, COURT STAFF) (Filed on 10/27/2017) (Entered: 10/29/2017)** |
| 10/27/2017 | 7 | Summons Issued as to James Mendes, Konstantin Vladimirovich Rak, Olekseevich Stegailo. (farS, COURT STAFF) (Filed on 10/27/2017) (Entered: 10/29/2017) |
| 10/27/2017 | | REPORT on the filing or determination of an action regarding copyright (cc: form mailed to register). (farS, COURT STAFF) (Filed on 10/27/2017) (Entered: 10/29/2017) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/30/2017 16:56:50 | | | |
| **PACER Login:** | Perkins1201SEA:3880242:0 | **Client Code:** | 009901.0001 |
| **Description:** | Docket Report | **Search Criteria:** | 3:17-cv-06223-LB |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |