UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| EPIC GAMES, INC., et al.,<br><br>    Plaintiffs,<br><br>       v.<br><br>JAMES MENDES, et al.,<br><br>    Defendants. | Case No. 17-cv-06223-LB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE DEFENDANT KONSTANTIN VLADIMIROVICH RAK BY EMAIL**<br><br>Re: ECF No. 19 |

**INTRODUCTION**

Plaintiffs Epic Games, Inc. and Epic Games International S.à.r.l ("Epic Games"), a video game developer, filed this action against defendants James Mendes, Konstantin Vladimirovich Rak, and Oleksey Olekseevich Stegailo, developers of a software "cheat" that modifies one of Epic Games's video games to give players unfair competitive advantages over other players. Epic Games brings claims for copyright and trademark infringement and for certain state-law claims. Epic Games now moves for leave to serve Mr. Rak, a defendant located in Russia, by email.[1]

The court finds this matter suitable for determination without oral argument and vacates the February 15, 2018 hearing date. N.D. Cal. Civil L.R. 7-1(b). Upon consideration of Epic Games'

---

[1] Motion – ECF No. 19. Record citations refer to material in Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 17-cv-06223-LB

motion, the declarations and evidence filed in support of it, and the applicable authority, the court grants the motion and allows Epic Games to serve the summons and complaint on Mr. Rak by email, provided that Epic Games includes a certified Russian translation of the summons, the complaint, and its cover letter, and writes its cover email to Mr. Rak in both English and Russian.

## STATEMENT

Epic Games is a leading video game developer for PC, console, and mobile platforms.[2] Epic Games is the author and owner of all rights in "Fortnite," a multiplayer survival and building action video game.[3] Fortnite is a popular game with over ten million players.[4]

Epic Games alleges Mr. Rak created, developed, and distributed a software "cheat" for Fortnite.[5] Cheats allow players to modify Fortnite in a way that gives these players an unfair advantage over other players (such as giving users the ability to see through solid objects, teleport their characters, and impersonate other players), which ruins the game play experience for others and undermines the integrity of Fortnite.[6] Mr. Rak posted a video to YouTube that advertised and demonstrated the cheat and provided instructions detailing how other users could do the same.[7] Epic Games alleges that Mr. Rak's cheat and video violates Epic Games's copyrights and trademarks and intentionally induces other players to modify the game and thereby induces those players to violate Epic Games' copyrights and trademarks as well.

The Digital Millennium Copyright Act ("DMCA") allows copyright holders to request network service providers to take down material that infringes their copyrights. *See* 17 U.S.C. § 512(c)(1)(C), (c)(3). On or about October 17, 2017, Epic Games submitted a DMCA takedown notice to YouTube for Mr. Rak's video.[8] YouTube took the video down.[9] But the DMCA also

---

[2] Compl. – ECF No. 1 at 3 (¶ 11).
[3] *Id*. at 2 (¶ 1).
[4] *Id*. at 3 (¶ 15).
[5] *Id.* at 8 (¶ 60).
[6] *Id*. at 6 (¶¶ 39–42).
[7] *Id*. at 8 (¶¶ 60–66).
[8] *Id.* at 9 (¶ 68).

ORDER – No. 17-cv-06223-LB          2

allows a subscriber to the service provider whose material has been taken down to submit a counter-notification requesting that the service provider replace the removed material. *See* 17 U.S.C. § 512(g)(2), (3). On or about October 23, 2017, Mr. Rak submitted a counter-notification to YouTube for his video.[10] The DMCA requires individuals submitting counter-notices to include their "name, address, and telephone number, and a statement . . . that [they] will accept service of process from the person who provided notification under subsection (c)(1)(C) or an agent of such person." 17 U.S.C. § 512(g)(3)(D). In accordance with Section 512(g)(3)(D), Mr. Rak's counter-notice listed his address in Russia, listed his email address as konstantin.rak1@gmail.com, and included a statement that "I . . . will accept service of process from the claimant."[11]

Epic Games filed this action on October 27, 2017. On October 31, Epic Games emailed konstantin.rak1@gmail.com and attached a cover letter, a copy of the summons and complaint, and a service waiver request.[12] Additionally, Epic Games located the email address associated with Mr. Rak's "Epic account" (which the court assumes means the account that Mr. Rak created with Epic Games to play games like Fortnite).[13] This account bears the same user account name as the YouTube account that uploaded the Fortnite cheat video at issue and is associated with the email address rak13@spaces.ru.[14] Epic Games also emailed rak13@spaces.ru and attached a cover letter, a copy of the summons and complaint, and a service waiver request.[15] All of the materials emailed to both konstantin.rak1@gmail.com and rak13@spaces.ru were in English without a Russian translation.[16] The emails did not "bounce back."[17]

---

[9] *Id.* (¶ 69).

[10] *Id.* (¶ 70).

[11] Atamas Decl. in Supp. of Mot. to Serve Rak Ex. A – ECF No. 21-1 at 2.

[12] Simpkins Decl. in Supp. of Mot. to Serve Rak – ECF No. 20 at 2 (¶ 2); Simpkins Decl. in Supp. of Mot. to Serve Rak Ex. A – ECF No. 20-1.

[13] Atamas Decl. in Supp. of Mot. to Serve Rak – ECF No. 21 at 2 (¶ 3).

[14] *Id.* (¶¶ 3–4).

[15] Simpkins Decl. in Supp. of Mot. to Serve Rak – ECF No. 20 at 2 (¶ 2); Simpkins Decl. in Supp. of Mot. to Serve Rak Ex. A – ECF No. 20-1.

[16] *See* Simpkins Decl. in Supp. of Mot. to Serve Rak Ex. A – ECF No. 20-1.

[17] Simpkins Decl. in Supp. of Mot. to Serve Rak – ECF No. 20 at 2 (¶ 2).

1   Mr. Rak has not responded to either email.[18] Epic Games now moves to formally serve the
2   summons and complaint on Mr. Rak by email.

**ANALYSIS**

Federal Rule of Civil Procedure 4(f) provides that an individual in a foreign country may be served "(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . .; or (3) by other means not prohibited by international agreement, as the court orders."

Russia is a signatory to the Hague Convention, but it has stopped completing service of process from U.S. courts. *See* U.S. Dep't of State — Bureau of Consular Affairs, Judicial Assistance Country Information (Nov. 15, 2013), https://travel.state.gov/content/travel/en/legal/ Judicial-Assistance-Country-Information/RussianFederation.html (last visited Jan. 29, 2018) ("In July 2003, Russia unilaterally suspended all judicial cooperation with the United States in civil and commercial matters. The Russian Federation refuses to serve letters of request from the United States for service of process presented under the terms of the 1965 Hague Service Convention[.]"); *accord, e.g.*, *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1237–38 (Fed. Cir. 2010). Additionally, Russia does not permit service of documents by mail. *See* Russia Federation, Declarations & Reservations, *available at* https://www.hcch.net/en/ instruments/conventions/status-table/notifications/?csid=418&disp=resdn (last visited Jan. 29, 2018) ("Service of documents by methods listed in Article 10 of the Convention is not permitted in the Russian Federation.").[19] Epic Games therefore argues that it cannot serve Mr. Rak through the Hague Convention or via mail and requests that it be allowed to serve Mr. Rak by email.

---

[18] *Id.* (¶ 3).

[19] Article 10 provides, among other things, that "[p]rovided the State of destination does not object, the present Convention shall not interfere with (a) the freedom to send judicial documents, by postal

As a preliminary matter, under Federal Rule of Civil Procedure 4(f)(3), a court in its discretion may permit service by email provided that such service is not prohibited by international agreement. *Rio Props., Inc. v. Rio Int'l. Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). There does not appear to be an international agreement prohibiting service by email in Russia: neither Epic Games nor the court is aware of any such agreement, and in similar cases, courts have allowed plaintiffs to serve summons and complaints by email to Russian parties. *See Wilens v. Automattic Inc.*, No. C 14-02419 LB, 2015 WL 498745, at *5 (N.D. Cal. Feb. 5, 2015) ("Assuming that Doe 1 is located in Russia . . . the court is not aware of any international agreement that would prohibit [plaintiff] from serving Doe 1 via email."); *accord, e.g.*, *Ultra Records, LLC v. Teoh*, No. 16cv9996 (DLC), 2017 WL 1753485, at *2 (S.D.N.Y. Apr. 18, 2017) (granting plaintiff leave to serve Russian defendant by email); *Rosen v. Imagevenue.com*, No. CV 13-01742 (MANx), 2014 WL 12601326, at *2–3 (C.D. Cal. Aug. 11, 2014) (same); *Xcentric Ventures, LLC v. Karsen, Ltd.*, No. CV 11-1055-PHX-FJM, 2011 WL 3156966, at *2 (D. Ariz. July 26, 2011) (same).

Additionally, "[e]ven if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process." *Rio Props.*, 284 F.3d at 1016. "To meet this requirement, the method of service crafted by the district court must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (citations and internal quotation marks omitted).

Where, as here, a defendant has submitted a DMCA counter-notice that lists his or her email address and that expressly states that he or she "will accept service of process," courts have allowed plaintiffs to serve the summons and complaint on that email and have held that such service comports with due process. *See Ultra Records*, 2017 WL 1753485, at *1–2 (approving service by email on defendant who, among other things, filed DMCA counter-notice that stated that "I . . . will accept service of process from the claimant") (ellipsis in original); *Xcentric*

---

channels, directly to persons abroad[.]" Service Abroad of Judicial and Extrajudicial Documents art. 10, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163.

*Ventures*, 2011 WL 3156966, at *1–2 (same). The court therefore in its discretion allows Epic Games to similarly serve Mr. Rak by email at konstantin.rak1@gmail.com (the email address in his DMCA counter-notice) and at rak13@spaces.ru.

The court in its discretion sees fit, however, to impose an additional requirement "reasonably calculated, under all the circumstances, to apprise [Mr. Rak] of the pendency of the action and afford [him] an opportunity to present [his] objections": Epic Games must provide a certified translation into Russian of the complaint, the summons, and its cover letter and cover email to Mr. Rak. The court previously permitted Epic Games to serve another defendant, Oleksey Olekseevich Stegailo, by email without ordering a translation.[20] There, however, prior to the court allowing service, Epic Games had (informally) sent the summons and complaint by email to Mr. Stegailo, and Mr. Stegailo had responded in English, "Hello, you sent me strike, please, let's settle out of court, I will remove the video in your game, and I will not shoot them anymore,"[21] indicating that (1) he actually received the complaint and summons, and (2) he can speak and understand English well enough to understand that the complaint and summons were documents initiating a lawsuit against him and to respond with a proposal to settle out of court. By contrast, Epic Games has not offered evidence that Mr. Rak (who has not responded to any of Epic Games's emails) can speak or understand English or would understand what a summons and complaint written in English were if they were emailed to him. The court therefore deems it appropriate to require Epic Games to translate the summons, the complaint, and its cover letter to Mr. Rak into Russian before serving it upon him via email, and to write its cover email in both English and Russian. *Cf. Mont. Trucks, LLC v. UD Trucks N. Am., Inc.*, No. CV 12-23-M-DWM, 2013 WL 3928634, at *4–5 (D. Mont. July 29, 2013) (requiring plaintiff to translate summons and complaint when plaintiff sought to serve international defendant under Rule 4(f)(3) by alternative means as opposed as through the Hague Convention).

---

[20] Order – ECF No. 18.

[21] Simpkins Decl. in Supp. of Mot. to Serve Stegailo Ex. B – ECF No. 14-1 at 81.

**CONCLUSION**

For the foregoing reasons, the court allows Epic Games to serve the summons and complaint on Mr. Rak by email, provided that Epic Games includes a certified Russian translation of the summons, the complaint, and its cover letter, and writes its cover email to Mr. Rak in both English and Russian. Should it serve Mr. Rak as set forth above, Epic Games must file proof of service on the docket and should include the translated summons, complaint, cover letter, and cover email in that filing.[22]

**IT IS SO ORDERED.**

Dated: January 29, 2018

LAUREL BEELER
United States Magistrate Judge

---

[22] The court notes that Epic Games has not filed proof of service on Mr. Stegailo. If it has served Mr. Stegailo, it should file proof of that service.

If and when Epic Games serves Mr. Rak and files its proof of service, including the translated summons, complaint, cover letter, and cover email, it should serve a copy of that proof of service and the translated documents on Mr. Stegailo as well. It may do so by email.

ORDER – No. 17-cv-06223-LB                   7